444 So.2d 1177 (1984)
William J. OTIS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-749.
District Court of Appeal of Florida, Second District.
February 15, 1984.
*1178 Jerry Hill, Public Defender, and L.S. Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
William Otis appeals his conviction for grand theft, a violation of section 812.014(2)(b), Florida Statutes. Appellant raises several points on appeal, only one of which merits discussion. He contends the trial court erred in accepting his oral waiver of the right to jury trial. We agree.
The record of appellant's waiver consists of the following colloquy:
THE COURT: It's set for nonjury.
MR. WESTFIELD: Yes. Your Honor, at this time we will waive trial by jury for the record.
THE COURT: Is that correct, Mr. Otis? You are waiving trial by jury?
THE DEFENDANT: Yes.
THE COURT: You are going to let the Court determine it then?
THE DEFENDANT: Yes, sir.
THE COURT: Set it for nonjury at 1:30 on February 10th.
There is no record of any written waiver signed by appellant. Additionally, the trial judge made no attempt to determine whether appellant understood and therefore intelligently waived his right to jury trial. Clearly, it cannot be said that he effectively waived his right to trial by jury. See Fla. R.Crim.P. 3.260; Cirio v. State, 440 So.2d 650 (Fla. 2d DCA 1983); Sessums v. State, 404 So.2d 1074 (Fla. 3d DCA 1981).
Accordingly, we REVERSE and REMAND for new trial.
OTT, C.J., and BOARDMAN and CAMPBELL, JJ., concur.