546 So.2d 52 (1989)
John F. RINGEMANN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1859.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant, found guilty of armed kidnapping and aggravated battery, orally waived his right to a jury trial in open court and now seeks reversal because the waiver was never reduced to writing. We affirm.
It is provided in the Florida Rule of Criminal Procedure 3.260 that "[a] defendant may in writing waive a jury trial with the consent of the State." The state initially argues that the use of the word "may" rather than "shall" removes the necessity for the waiver to be in writing. We disagree with that analysis believing the "may" refers to the right to waive or not to waive and that error did occur sub judice. However, under the facts here, we deem the error harmless, especially since there was no objection.
*53 After the defendant announced his intention to waive, the following colloquy took place:
THE COURT: Mr. Tucker (a codefendant) is right here? And Mr. Ringeman[n] is right there.
Gentlemen, your counsel has explained what a non-jury trial means to you; however, I want to make sure that you fully understand that when you were arraigned in this case you entered a plea of not guilty requesting a trial before jury. That was your right at that time. You could have had a jury trial. You could have asked your attorney to come in here and pick six people from the community to hear your case which you would not have in a non-jury trial.
The state, of course, had a right to then make a formal decision if you decided you did not want a jury trial; that you were agreeable for going to a non-jury trial.
Your lawyer is correct if the state is willing to let the case be tried before me as judge without a jury being present to listen to the evidence. In that case it will be the judge who will determine any issues of fact in the case as well as any questions of law.
I want to make sure if you agree to going non-jury that you do so voluntarily and should there be a finding of guilt in this case and that either of you will not, thereafter, come in the [sic] and comment that it was done because you did not have a jury or if you had had a jury that the verdict would have been otherwise.
It is you[r] privilege, it is your choice. I will ask you, directly, Mr. Ringeman[n], do you wish to proceed to trial before a judge and without a jury? Yes or no?
MR. RINGEMAN[N]: Yes, sir.
THE COURT: To you.
MR. TUCKER: Yes, sir.
THE COURT: Mr. Tucker, also, the same question to you. Are you willing to proceed without a jury?
MR. TUCKER: Yes.
THE COURT: You are willing to let the judge make the decision to the questions of facts as well as the issues of law?
MR. RINGEMAN[N]: Yes.
MR. TUCKER: Yes.
THE COURT: Mr. Flynn, we cannot go any further than that.
MR. FLYNN: That being the case, the defendants being fully advised of their rights and facts that they are codefendants on this one trial I see nothing further to admonish them on. The state will accept the defense motion to go by way of bench trial.
We are of the opinion that this colloquy establishes beyond question that the defendant was neither harmed nor prejudiced in any way. Our supreme court has clearly held that "`the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that noncompliance with the rule resulted in prejudice or harm'... . The rules are not intended to furnish a procedural device to escape justice." Hoffman v. State, 397 So.2d 288, 290 (Fla. 1981). See also State v. S.L.W., 465 So.2d 1231 (Fla. 1985).
We are not unaware of this court's holding in Jones v. State, 452 So.2d 643 (Fla. 4th DCA 1984), cert. denied, 461 So.2d 116 (Fla. 1985), which at first blush appears to conflict with the case at bar. However, Jones was a capital case and apparently there was no colloquy between the court and the defendant, merely a stipulation by respective counsel. Thus, in Jones there was "nothing in the record to show the defendant's concurrence in his counsel's waiver, or that he understood what was meant by waiver of a jury trial." Tosta v. State, 352 So.2d 526, 527 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978). See Blackwelder v. State, 489 So.2d 95 (Fla. 2d DCA), cert. denied, 494 So.2d 1149 (Fla. 1986).
We, therefore, hold that the error here was not reversible and close with an excerpt from another passage in Hoffman, wherein the supreme court said:
[T]he modern trend in criminal cases `is to excuse technical defects which have no *54 bearing upon the substantial rights of the parties. When procedural irregularities occur, the emphasis is on determining whether anyone was prejudiced by the departure. A defendant is entitled to a fair trial, not a perfect one.'
397 So.2d at 290 (quoting Grimes, J.).
It is clear to us that the defendant in the case now before us was not prejudiced and that he received a fair, if not a perfect, trial.
AFFIRMED.
ANSTEAD and STONE, JJ., concur.