547 So.2d 270 (1989)
Ronald TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1657.
District Court of Appeal of Florida, Fourth District.
August 2, 1989.
John Lipinski, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This cause is per curiam affirmed. However, one issue troubles us.
*271 The question once more presented, as it was in Ringemann v. State, 546 So.2d 52 (Fla. 4th DCA 1989), and which we now certify as being of great public importance, is:
CAN A DEFENDANT, REPRESENTED BY COUNSEL, ORALLY WAIVE A JURY TRIAL, IF A FULL EXPLANATION OF THE CONSEQUENCES IS GIVEN BY THE TRIAL JUDGE?
Before us now is defendant Tucker, who was John Ringemann's codefendant in the trial court. Needless to say, the supreme court answering the above question in the negative would require reversal of this case and would also require reversal of Ringemann, which we understand has been appealed to the supreme court.
Specifically, in the case sub judice, we have been cited to a third district decision, Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981), rev. denied, 418 So.2d 1280 (Fla. 1982), where a defendant without counsel was found not to have knowingly and intelligently waived a jury trial, first orally and then in writing. The court noted that at a minimum, a defendant should be told that he had the right to participate in any jury selection and that he could not be convicted unless the jury verdict was unanimous. The Enrique case was not cited to us in Ringemann; however, we are not perturbed by that since we believe Enrique can be distinguished because in that case, the defendant had no counsel. Indeed, in footnote 3 of Enrique, the court appeared to make that same distinction. Moreover, in Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983), rev. denied, 462 So.2d 1105 (Fla. 1985), the third district upheld an oral waiver, and also did so in Smith v. State, 539 So.2d 601 (Fla. 3d DCA 1989).
In any event, we believe that where a defendant is represented by counsel and waives a jury trial, it should not be necessary to specifically inform him that he has a right to participate in jury selection and that a jury verdict must be unanimous for a conviction. Florida Rules of Criminal Procedure 3.260 contains no such requirement.
We find no merit in any other point on appeal.
AFFIRMED.
WALDEN and GUNTHER, JJ., concur.