559 So.2d 218 (1990)
Ronald TUCKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 74676.
Supreme Court of Florida.
March 29, 1990.
*219 John Lipinski, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen. and James J. Carney, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
The district court in this case, Tucker v. State, 547 So.2d 270, 271 (Fla. 4th DCA 1989), certified the following question to be of great public importance:
Can a defendant, represented by counsel, orally waive a jury trial, if a full explanation of the consequences is given by the trial judge?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative.
The state charged Tucker with armed kidnapping and aggravated battery. After a colloquy in open court, Tucker orally waived his right to a jury trial. In the following nonjury trial, the court found both Tucker and his codefendant, John Ringemann, guilty. The district court affirmed their convictions and sentences. Tucker; Ringemann v. State, 546 So.2d 52 (Fla. 4th DCA), review denied, 551 So.2d 462 (Fla. 1989). The district court certified the above-stated question because of its concern about the propriety of an oral waiver when Florida Rule of Criminal Procedure 3.260 requires such a waiver to be in writing.[*]Tucker, 547 So.2d at 270; Ringemann, 546 So.2d 52.
The sixth amendment to the United States Constitution provides that a defendant has a fundamental right to a jury trial. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). However, even fundamental constitutional rights can be waived when a defendant so chooses. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). An effective waiver of a constitutional right must be voluntary, knowing, and intelligent. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
*220 This Court has long recognized that a defendant may waive the right to a jury trial, provided that the waiver is reflected on the record. Zellers v. State, 138 Fla. 158, 189 So. 236 (1939). District courts have properly reversed convictions when the record contained no written waiver of a jury trial and the trial court failed to inquire into the defendant's waiver of a jury trial or conducted an insufficient inquiry. E.g., Shuler v. State, 463 So.2d 464 (Fla. 2d DCA 1985); Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978).
Tucker argues that, because he did not execute a written waiver, he did not knowingly and intelligently waive his right to a jury trial. He insists that a valid waiver can only be in writing, pursuant to rule 3.260. He also claims that a trial judge must, at least, explain the consequences of the waiver, relying on Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981), review denied, 418 So.2d 1280 (Fla. 1982).
Our review of the record convinces us that Tucker made a knowing and intelligent waiver. Technical noncompliance with a rule of procedure is permissible if there is no harm to the defendant. Hoffman v. State, 397 So.2d 288, 290 (Fla. 1981) (the rules of criminal procedure are not intended to furnish a procedural device to escape justice). The lack of a written waiver, memorializing the oral waiver, did not prejudice Tucker. As the district court properly found, Enrique is factually distinguishable because Enrique did not have assistance of counsel and because the court made an inadequate inquiry into his waiver. In this case Tucker was represented by counsel, and the record shows that the trial judge appropriately questioned Tucker in open court about his choice to proceed without a jury. Therefore, on the facts of this case, we hold that Tucker validly waived his right to a jury trial.
Although we approve the district court's decision and decline to grant Tucker relief, we emphasize that it is better practice for trial courts to use both a personal on-the-record waiver and a written waiver. An appropriate oral colloquy will focus a defendant's attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver. If the defendant has been advised by counsel about the advantages and disadvantages of a jury trial, then the colloquy will serve to verify the defendant's understanding of the waiver. Executing a written waiver following the colloquy reinforces the finality of the waiver and provides evidence that a valid waiver occurred. Because the waiver of a fundamental right must be knowing and intelligent, the above-stated practice better promotes the policy of recognizing only voluntary and intelligent waivers.
Therefore, we answer the certified question in the affirmative and approve the district court's opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Florida Rule of Criminal Procedure 3.260 states: "A defendant may in writing waive a jury trial with the consent of the state."