566 So.2d 893 (1990)
Randall Mark HARRINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0498.
District Court of Appeal of Florida, Fourth District.
September 12, 1990.
*894 Richard L. Jorandby, Public Defender, and Joseph S. Shook, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the trial court's denial of the motion to set aside Order Adjudging Defendant Not Guilty by Reason of Insanity. We first hold that this is an appealable order. Fla.R.App.P. 9.140(b)(1)(C). See Thompson v. Crawford, 479 So.2d 169, 176 n. 18 (Fla. 3d DCA 1985).[1]
With respect to the merits we first find that the record is devoid of any showing that the defendant knowingly and intelligently waived his right to a jury trial. While noncompliance with the technical requirement of a written waiver of jury trial pursuant to Florida Rule of Criminal Procedure 3.260 is permissible where there is no harm shown, see Tucker v. State, 559 So.2d 218 (Fla. 1990), it must appear in the record that the trial court inquired into the defendant's waiver of a jury trial or conducted a sufficient inquiry. Tucker.
More importantly, there is no evidence that appellant was competent to knowingly and intelligently waive his right to jury trial or to participate in his own defense. What the record reveals is that the state attorney and counsel for the appellant stipulated to the entry of a plea of not guilty by reason of insanity. There is no showing that appellant ever consented to the stipulated plea. However well intentioned that may have been at the time, good intentions do not override constitutional rights. It was a violation of Florida Rule of Criminal Procedure 3.210 and appellant's due process rights to proceed against him when there were reasonable grounds to believe he was incompetent. See Scott v. State, 420 So.2d 595, 597 (Fla. 1982). From this record there were more than reasonable grounds to suggest appellant's incompetency, including the fact that he was a patient at the mental health center when the criminal incident occurred. The mental health experts appointed by the court, whose orders were recited in the court's order adjudicating appellant not guilty by reason of insanity, stated that "even at the best of times he is only marginal[ly] competent." There were sufficient grounds for the court to have required a hearing on appellant's incompetence to proceed with the entry of a plea, and failure to do so invalidates the plea and commitment order.
Reversed and remanded for further proceedings with directions to vacate stipulated plea.
HERSEY, C.J., and DOWNEY and WARNER, JJ., concur.
NOTES
[1] The state suggests that either this matter should have been brought in direct appeal or under Rule 3.850. However, Florida Rule of Appellate Procedure 9.140 provides for appeals from judgments adjudicating guilt, and Rule 3.850 permits review for a "prisoner in custody under sentence." Since appellant was not adjudicated guilty nor was he sentenced, neither avenue of review has been available to him.