647 So.2d 292 (1994)
Delion Lamont ZEIGLER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01306.
District Court of Appeal of Florida, Second District.
December 14, 1994.
Mark Wolfe, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Delion Lamont Zeigler, challenges the trial court's judgment and sentence for the crime of possession of cocaine. We find that the appellant did not knowingly and intelligently waive his right to a jury trial and, accordingly, reverse and remand for a new trial.
The appellant was charged with possession of cocaine in violation of section 893.13(1)(f), Florida Statutes (1991). After the appellant's motion to dismiss was denied, the following colloquy took place:
MR. BONITTO (DEFENDANT'S COUNSEL): Judge, we would like to set it for pretrial  a nonjury trial if the State would.
THE COURT: What's the offer?
MRS. OBER (STATE): I offered a minimum six months probation and a drug evaluation and misdemeanor court costs.
... .
THE COURT: If they (state) agreed to a nonjury. Do you want a nonjury trial? That is I'll determine what the facts are, we won't pick a jury. We won't pick six people.
THE DEFENDANT: If you pick the jury how long will it take? Do I have to wait a month, a week?

*293 THE COURT: Yeah, about another month before you can get a jury trial. If you want a nonjury trial you can have it next Friday.
THE DEFENDANT: All right.
THE COURT: You want it next Friday?
THE DEFENDANT: Yeah.
After the appellant's nonjury trial, he was found guilty as charged. The appellant was subsequently adjudicated guilty and sentenced to eighteen months probation. The appellant filed a timely notice of appeal.
We agree with the appellant's first contention that he did not knowingly and intelligently waive his right to a jury trial. However, we reject without discussion the appellant's second contention that the trial court erred in denying his motion for judgment of acquittal since the state introduced competent evidence which was inconsistent with the appellant's theory of events. See State v. Law, 559 So.2d 187 (Fla. 1989).
With regard to the appellant's first contention, a defendant's knowing, voluntary, and intelligent waiver of a jury trial must be shown affirmatively from the record below. Johnson v. State, 411 So.2d 1023 (Fla. 2d DCA 1982). A defendant may in writing waive a jury trial with the consent of the state pursuant to Florida Rule of Criminal Procedure 3.260. While noncompliance with this technical requirement of a written waiver of a jury trial is permissible where there is no harm shown, it must appear in the record that the trial court inquired into the defendant's waiver of a jury trial or conducted a sufficient inquiry. Harringer v. State, 566 So.2d 893 (Fla. 4th DCA 1990). See also Cirio v. State, 440 So.2d 650 (Fla. 2d DCA 1983). An appropriate oral colloquy will focus a defendant's attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver. See Tucker v. State, 559 So.2d 218 (Fla. 1990).
In the instant case, the record contains no written waiver of the appellant's right to a jury trial and the trial court did not conduct a personal inquiry in open court to verify the appellant's understanding of the waiver. Therefore, since the trial court failed to ascertain that the appellant knowingly, voluntarily, and intelligently waived his right to a trial by jury, there is no evidence to indicate a valid waiver. Accordingly, we reverse the appellant's sentence and remand for a new trial.
Reversed and remanded.
SCHOONOVER, A.C.J., and THREADGILL and LAZZARA, JJ., concur.