658 So.2d 86 (1995)
STATE of Florida, Petitioner,
v.
John Wayne UPTON, Respondent.
No. 84732.
Supreme Court of Florida.
July 20, 1995.
Robert A. Butterworth, Atty. Gen.; James W. Rogers, Sr. Asst. Atty. Gen., Tallahassee Bureau Chief, Crim. Appeals, and Patrick Martin, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender and Jamie Spivey, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
*87 GRIMES, Chief Justice.
We have for review the following question certified to be of great public importance:
Does a lawyer's written waiver of jury trial on behalf of his client validly waive the defendant's right to a jury trial where there is no indication in the record that the defendant agreed to the written waiver or otherwise made a knowing, voluntary and intelligent waiver of his right to a trial by jury?
Upton v. State, 644 So.2d 181 (Fla. 1st DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Upton was tried without a jury pursuant to the following written waiver:
Now in the Court through undersigned counsel comes the defendant, John Wayne Upton and stipulates a waiver of his right of a Jury Trial and elects to try this matter before the Honorable John Kuder.
The waiver was signed by Upton's attorney and the prosecutor. Upton did not sign the waiver and the trial judge did not inquire as to whether Upton understood or concurred in the waiver. The First District Court of Appeal reversed Upton's conviction and sentence because it found that the record did not demonstrate that Upton had made a knowing, voluntary, and intelligent waiver of his right to trial by jury.
The Sixth Amendment to the United States Constitution provides that a defendant has a fundamental right to a jury trial. U.S. Const., amend. VI. The Florida Constitution specifies that "the right of trial by jury shall be secure to all and remain inviolate." Art. I, § 22, Fla. Const. An effective waiver of a constitutional right must be knowing, voluntary, and intelligent. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). A defendant may waive the right to a jury trial, provided that the waiver appears on the record. Tucker v. State, 559 So.2d 218 (Fla. 1990).
Florida Rule of Criminal Procedure 3.260 provides: "A defendant may in writing waive a jury trial with consent of the state." The most reasonable reading of this rule suggests that the defendant's signature, rather than defense counsel's signature, is required in order for the waiver to be effective. See Williams v. State, 440 So.2d 1290, 1291 (Fla. 4th DCA 1983), review denied, 450 So.2d 489 (Fla. 1984). When the record contains a written waiver signed by the defendant, the waiver will be upheld. Parker v. State, 636 So.2d 794 (Fla. 1st DCA), review denied, 642 So.2d 747 (Fla. 1994); Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983) (en banc), review denied, 462 So.2d 1105 (Fla. 1985).
While conceding that rule 3.260 "arguably requires" the waiver to be signed by the defendant, the State argues that Upton's failure to sign the waiver constituted mere technical noncompliance with the rule. The State asserts that implicit in the written waiver signed by Upton's attorney is the presumption that Upton was aware of his right to a jury trial, understood the consequences and advantages of waiver, and had authorized his attorney to sign the waiver on his behalf. The State also points out that Upton was present throughout the trial, but never indicated that he was opposed to the trial judge sitting as the fact-finder.
Indeed, this Court has held that rule 3.260 is not the sole method for waiving the right to jury trial. In Tucker, we held that a defendant may orally waive the right to jury trial if the defendant is represented by counsel and receives full explanation of the consequences of the waiver by the trial judge. Tucker, 559 So.2d at 220. However, our holding in Tucker emphasized that
it is better practice for trial courts to use both a personal on-the-record waiver and a written waiver. An appropriate oral colloquy will focus a defendant's attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver. If the defendant has been advised by counsel about the advantages and disadvantages of a jury trial, then the colloquy will serve to verify the defendant's understanding of the waiver. Executing a written waiver following the colloquy reinforces the finality of the waiver and provides evidence that a valid waiver occurred. Because the waiver of a fundamental right must be knowing and intelligent, the above-stated practice better promotes *88 the policy of recognizing only voluntary and intelligent waivers.
Id.
In the instant case, there was no affirmative showing on the record establishing that Upton agreed with the waiver his attorney had signed. The trial judge did not conduct a colloquy with Upton concerning the waiver nor did Upton make any statements regarding the written waiver. The mere fact that Upton remained silent during the trial and did not object to the judge sitting as the fact-finder was insufficient to demonstrate that he agreed with the waiver. Thus, we cannot conclude that Upton knowingly, voluntarily and intelligently waived his right to a trial by jury. We reject the State's alternative contention that the case should be remanded for an evidentiary hearing to determine whether Upton agreed with his attorney's waiver of a jury trial. See Williams, 440 So.2d at 1291.
We answer the certified question in the negative and approve the decision below.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.