PER CURIAM.
Appellant challenges his conviction and sentence following a non-jury trial. The record reflects that the trial court failed to conduct an adequate inquiry in open court prior to accepting appellant’s waiver of jury trial.[1] Compare Zeigler v. State, 647 So.2d 292 (Fla. 2d DCA 1994). As a result, we are unable to conclude that appellant’s waiver of his constitutional right to a jury trial was knowing and intelligent. See Tucker v. State, 559 So.2d 218 (Fla.1990) (an appropriate oral colloquy should focus defendant’s attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver).
*1016 REVERSED and REMANDED for a new trial.
JOANOS, MICKLE and LAWRENCE, JJ., concur.

. No written waiver of jury trial appears in the record.