PER CURIAM.
Following a bench trial, David Robinson appeals from judgments of conviction and sentences for grand theft and possession of marijuana. For the following reasons, we reverse and remand for a new trial.
The record fails to demonstrate that defendant knowingly and intelligently waived his right to a trial by jury. There is no written waiver. Although a written waiver is not essential, “it is better practice for trial courts to use both a personal on-the-record waiver and a written waiver.” Tucker v. State, 559 So.2d 218, 220 (Fla.1990); see also State v. Upton, 658 So.2d 86 (Fla.1995) (same). In the absence of a written waiver, *161 “[a]n appropriate oral colloquy will focus a defendant’s attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver.” Tucker, 559 So.2d at 220. However, the oral colloquy must affirmatively show that the defendant was aware of the fundamental constitutional right that he was waiving.
In this case, the record of the oral colloquy is, at best, equivocal. Although the defendant’s attorney and the State had signed a written stipulation waiving a jury trial, it is not at all clear that defendant understood the import of that stipulation.
To avoid this result, trial courts should heed the recommendation of the Florida Supreme Court to obtain a written waiver of a jury trial signed by the defendant, and conduct a thorough inquiry of the defendant to ensure that the defendant understands the full import of his waiver.
Reversed and remanded for a new trial.
JORGENSON and GERSTEN, JJ., concur.