COPE, Judge
(concurring).
Based on Tucker v. State, 559 So.2d 218 (Fla.1990), I have no alternative but to concur. I would hope, however, that at some appropriate time the Florida Supreme Court will revisit this decision.
Florida Rule of Criminal Procedure 3.260 provides, “A defendant may in writing waive a jury trial with the consent of the state.” The rule does not require any colloquy. A simple writing signed by the defendant is sufficient to waive trial by jury.
If instead of signing a written waiver form, the defendant states on the record that he is waiving trial by jury, the decision in Tucker says that the waiver is ineffective unless the defendant is given an oral explanation by the judge. The colloquy utilized in Tucker is set out in Ringemann v. State, 546 So.2d 52, 53 (Fla. 4th DCA), review denied, 551 So.2d 462 (Fla.1989). See Tucker v. State, 547 So.2d 270, 271 (Fla. 4th DCA 1989), decision approved, Tucker v. State, 559 So.2d at 220.
It is inconsistent to allow a one-line written waiver under rule 3.260, while holding that the self-same words are insufficient if the defendant personally announces his oral waiver on the record. If counsel is deemed competent to advise the defendant with respect to executing written waiver, then counsel should be deemed competent to advise the defendant with respect to the oral waiver. The effectiveness of the waiver ought not depend on a matter of form.