OWEN, WILLIAM C., Jr., Senior Judge.
Ronald Babb, charged with multiple felonies, pled not guilty and requested trial by jury. He was tried by a jury on three counts but, at the request of his counsel, was tried by the court on the fourth count, possession of a firearm by a convicted felon. He was convicted on all counts and brings this direct appeal. The absence from the record of a valid waiver of Babb’s right to jury trial on the count for possession of a firearm by a convicted felon requires that we reverse the judgment and sentence, as to that count only, and remand for a new trial.
A defendant charged with a criminal offense may in writing waive a jury trial with the consent of the state, see Fla.R.Crim.P. 3.260, or orally on the record after colloquy from which the court finds the waiver is voluntarily, knowingly and intelligently made. Tucker v. State, 559 So.2d 218 (Fla.1990); Sinkfield v. State, 681 So.2d 838 (Fla. 4th DCA 1996). Because appellant did not sign a written waiver of his right to jury trial on the count for possession of firearm by a convicted felon, the issue is whether there is in the record a valid oral waiver.
At the status conference held prior to commencement of the trial, defense counsel made the following request to the trial judge:
MR. VOLPI: My client has a VOP and a substantive case. We would be trying the substantive case. There are four counts that apply to my client. The last charge, possession of a firearm by a convicted felon, I would ask to try that one non-jury outside the presence of the jury. So there would be three charges tried by the jury.
No further discussion was had regarding the waiver of jury trial on the count for possession of firearm by a convicted felon. Counsel’s oral request to the court (to try the firearm possession count non-jury) does not even come up to the level of counsel’s statement to the court in Sink-field (that the defendant agreed to waive jury trial) which we held was not a valid oral waiver. There is simply nothing in the record to demonstrate that appellant made a knowing, voluntary, and intelligent waiver of his right to trial by jury on the possession of firearm count.
Counsel’s request was a strategic choice which, from experience, we recognize is a choice made almost invariably by defen *37 dants in similar situations. We do not impute to counsel any intent to lead the court into error by making such request without following the provisions of Rule 3.260, and we strongly suspect that counsel’s request was made with appellant’s full approval. The fact remains, however, that our supreme court has made it clear that waiver of this constitutional right may be made only by written waiver in accordance with the rule, or orally on the record after colloquy from which the court finds the waiver is voluntarily, knowingly and intelligently made. See State v. Upton, 658 So.2d 86 (Fla.1995); Tucker. That was not done in this case. We again urge both the bench and bar to a closer adherence to the teachings of Upton and Tucker. The few minutes extra that might be required to secure a written waiver and conduct on the record the necessary colloquy with the defendant could save a great deal of time, effort and expense down the road.
Appellant also argues that it was error to deny his motion for judgment of acquittal on the grand theft count because the state failed to prove the value beyond a reasonable doubt. The information charged grand theft of firearms, jewelry and a bicycle of a value of $300 or more. The state proved the theft of a firearm, so proof of valuation was not necessary. See State v. Getz, 435 So.2d 789 (Fla.1983).
The judgment on the count of possession of a firearm by a convicted felon is reversed, the sentence thereon is vacated, and this cause is remanded for a new trial on that count. The judgment and sentences on the remaining counts are severally affirmed.
AFFIRMED, in part; REVERSED AND REMANDED, in part.
DELL and STEVENSON, JJ„ concur.