805 So.2d 84 (2002)
Victor GYULVESZI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-183.
District Court of Appeal of Florida, Second District.
January 18, 2002.
*85 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Victor Gyulveszi appeals his judgments and sentences following a nonjury trial that resulted in two third-degree felony convictions, grand theft of a motor vehicle, and forgery of a motor vehicle title.[1] We conclude that Mr. Gyulveszi did not waive his right to trial by jury in writing or on the record. This was a structural error in the proceeding that requires a reversal.
In 1996, Mr. Gyulveszi received a 1986 Kenworth truck from Ms. Noel Whitney while he was working for her as a truck driver. He obtained possession by virtue of an oral agreement. The truck in question was apparently titled in New Jersey, but Ms. Whitney was using it in her trucking business in Connecticut. The oral agreement, allegedly reached between the parties in Connecticut, provided that Mr. Gyulveszi would purchase the truck in 1996 and pay for it over time with the proceeds that he derived from driving the truck. The parties disagree on the price that was established by oral agreement for the truck. Ms. Whitney claimed the price was $22,000 plus certain expenses. Ms. Whitney agrees that Mr. Gyulveszi paid her $14,750 toward this purchase, plus a final payment of $5000.
Ms. Whitney never transferred title to this truck to Mr. Gyulveszi. Instead, she gave him the title to the truck while it was still titled in her name. Ms. Whitney allowed Mr. Gyulveszi to bring the truck to Florida to haul produce. She gave him a power of attorney "for the license registration and operation of [the truck] ... as he sees appropriate." Mr. Gyulveszi then used the power of attorney to obtain a Florida registration for the truck. We render no opinion on the subject of this sale, but it seems unlikely that this oral sales agreement is fully legal under the statutory regulations governing such trucks in Connecticut, New Jersey, or Florida. It is also doubtful that Ms. Whitney could fully enforce this oral contract in a civil action.
Mr. Gyulveszi eventually decided that he wanted to get out of the trucking business and sell this aging truck. There is disputed evidence that Ms. Whitney was informed about this plan and agreed to allow Mr. Gyulveszi to sell the truck. In any event, Mr. Gyulveszi sold the truck to a third party for $5000 on July 17, 1998. In selling the truck, Mr. Gyulveszi signed the Connecticut title, using Ms. Whitney's name. Ms. Whitney sent Mr. Gyulveszi a *86 letter in August objecting to this sale, but eventually cashed a $5000 check that Mr. Gyulveszi sent to her, perhaps as late as February 1999.
For selling the truck and signing Ms. Whitney's name on the title, the State charged Mr. Gyulveszi with grand theft and forgery. The trial court tried this case without a jury. It found Mr. Gyulveszi guilty of the charges, withheld adjudication, and placed him on probation. Curiously, and without objection, the court ordered restitution in the amount of the remaining obligation that Ms. Whitney claimed to be owing on the oral agreement. No evidence concerning the value of the truck was ever introduced, and apparently no effort was ever made to recover the truck from the third party.
On appeal, Mr. Gyulveszi first argues that the State failed to prove these charges at trial and that the matter should have been handled as a civil case to enforce an oral agreement. We tend to agree with his second argument, at least concerning the charge of theft. However, it is the state attorney who decides the content of an information, not this court. We conclude that the State's evidence at trial was sufficient to avoid a judgment of acquittal on these charges, and that, in any event, this issue is not preserved for review.
We find reversible error, however, in the trial court's decision to try this case without a jury. The record reflects that during the week of trial a hearing was held wherein the judge and counsel discussed whether Mr. Gyulveszi was waiving his right to a jury trial. It was clear from the hearing transcript that Mr. Gyulveszi had not waived that right. The State suggests that Mr. Gyulveszi may thereafter have waived his right to a jury trial in exchange for an agreement to avoid a prison sentence, but there is no evidence in our record of such a stipulation. Florida Rule of Criminal Procedure 3.260 requires a written waiver of trial by jury, and case law has determined that a waiver on the record satisfies this rule. See, e.g., Tucker v. State, 559 So.2d 218 (Fla.1990). We have no waiver agreement in this case. Thus, based on these rules, Mr. Gyulveszi did not waive his right to a jury trial, and he is therefore entitled to a new trial. See Montero v. State, 780 So.2d 917 (Fla. 2d DCA 2000); Hyler v. State, 732 So.2d 1208 (Fla. 4th DCA 1999).
Reversed and remanded.
FULMER and CASANUEVA, JJ., concur.
NOTES
[1] §§ 319.33(1)(a), 812.014(2)(c)(6), Fla. Stat. (1997).