985 So.2d 672 (2008)
Eric ZINNERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-134.
District Court of Appeal of Florida, Second District.
July 2, 2008.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
EN BANC
CANADY, Judge.
In this direct appeal of judgments and sentences, we consider a claim by Eric Zinnerman that he did not validly waive his right to a jury trial. Pursuant to Florida Rule of Appellate Procedure 9.331(a) and (c), the court on its own motion has ordered en banc consideration of this case. For the reasons we explain, we conclude that there is no basis for reversal.

I. Background

At a pretrial hearing, counsel for Zinnerman stated to the court that "Mr. Zinnerman has previously indicated and I think perhaps wisely that this would not be a good situation for a jury trial." The court then stated to Zinnerman:
Now your attorney is telling me that you want to have a trial before the Court which is where I would make the findings of fact as well as law instead of you having a jury that would make findings of fact and I would make findings of law. Do you ... want a trial with the Judge only?
Zinnerman responded, "right" and proceeded to express various complaints about his attorney's performance. Zinnerman's counsel commented on these matters, and the court determined that Zinnerman was not "being provided ineffective assistance of counsel." The court then stated to Zinnerman: "If you would like a bench trial we will set a bench trial." The court then reiterated that with a jury trial, "the jury would decide the facts and the [judge] would decide the law." The trial court then asked Zinnerman, "I'm deciding the facts and the law[,] correct?" Zinnerman replied, "Right, right."
A trial before the court was conducted, and Zinnerman was convicted.
On appeal, Zinnerman argues that the record contains no written waiver of trial *673 by jury and that "there is nothing showing that the trial court conducted an inquiry on the record where Zinnerman knowingly, voluntarily, and intelligently waived his right to a jury trial." Zinnerman further contends that "[t]his constitutes fundamental error."

II. Analysis

It has long been acknowledged that the right to a jury trial may be waived by "the express and intelligent consent of the defendant." Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930), abrogated on different grounds, Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); see also Zellers v. State, 138 Fla. 158, 189 So. 236 (1939) (adopting the reasoning of Patton).
Florida Rule of Criminal Procedure 3.260 provides: "A defendant may in writing waive a jury trial with the consent of the state." The rule does not elaborate on the content of such a written waiver of the right to a jury trial. This laconic provision stands in contrast with the detailed requirements of Florida Rules of Criminal Procedure 3.170(k) and 3.172 with respect to the entry and acceptance of guilty pleas.
Notwithstanding the reference in rule 3.260 to a waiver "in writing," in Tucker v. State, 559 So.2d 218 (Fla.1990), the supreme court recognized the validity of oral waivers. In Tucker, the court also acknowledged the propriety of reversing the conviction of a defendant who was tried without a jury "when the record contained no written waiver of a jury trial and the trial court failed to inquire into the defendant's waiver of a jury trial or conducted an insufficient inquiry." Id. at 220. Specifically at issue in Tucker was a question certified to be of great public importance by the Fourth District concerning whether "a defendant, represented by counsel, [can] orally waive a jury trial, if a full explanation of the consequences is given by the trial judge." Tucker v. State, 547 So.2d 270, 271 (Fla. 4th DCA 1989). The Fourth District had concluded that the trial court's explanation to Tucker was sufficient. Id.
Although the content of the trial court colloquy is not set forth by the Fourth District in its Tucker opinion, it is set forth in the companion case of Ringemann v. State, 546 So.2d 52 (Fla. 4th DCA 1989). In that colloquy, the judge informed Tucker and his codefendant Ringemann that they "could have asked [their] attorney to come in here and pick six people from the community to hear [their] case which [they] would not have in a non-jury trial." Ringemann, 546 So.2d at 53. The judge further informed the defendants that in a trial without a jury, "it will be the judge who will determine any issues of fact in the case as well as any questions of law." Id. The Fourth District concluded in Tucker, 547 So.2d at 271, "that where a defendant is represented by counsel and waives a jury trial, it should not be necessary to specifically inform him that he has a right to participate in jury selection and that a jury verdict must be unanimous for a conviction."[1] The court observed that "[rule] 3.260 contains no such requirement." Id.
In Tucker, 559 So.2d at 220, the supreme court approved the decision of the Fourth District and concluded that "the trial judge appropriately questioned Tucker in open court about his choice to proceed without a jury" and that the absence of a written waiver did not entitle Tucker to relief. The court went on to "emphasize *674 that it is better practice for trial courts to use both a personal on-the-record waiver and a written waiver." Id. The court stated that "[a]n appropriate oral colloquy will focus a defendant's attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver." Id.
Subsequently, the court stated in State v. Upton, 658 So.2d 86, 87 (Fla.1995), that "[w]hen the record contains a written waiver signed by the defendant, the waiver will be upheld." See also Dumas v. State, 439 So.2d 246, 252 (Fla. 3d DCA 1983) (en banc) (stating that in a direct appeal, the rules of procedure "clearly permit voluntariness to be presumed from the fact of a written waiver of jury trial which appears in the record"); Hall v. State, 498 So.2d 1002, 1003 (Fla. 2d DCA 1986) (relying on Dumas); Parker v. State, 636 So.2d 794, 795 (Fla. 1st DCA 1994) (following Dumas). This is consistent with the understanding that "[a] court is not constitutionally required to conduct an on the record colloquy with a defendant prior to a waiver of the right to a jury trial." Marone v. United States, 10 F.3d 65, 67 (2d Cir.1993).
Given the supreme court's acknowledgement of the sufficiency of an unadorned written waiver and its approval of the colloquy at issue in Tucker, we conclude that there is no basis for determining that Zinnerman's waiver was invalid. Just as the trial court did in Tucker, the trial court in the instant case advised the defendant of the fundamental difference between a jury trial and a nonjury trial. The record thus reflects that Zinnerman was apprised of the crucial information required for him to give his "express and intelligent" waiver. Patton, 281 U.S. at 312, 50 S.Ct. 253. The omission of a statement in a colloquy concerning the composition of the jurysuch as that contained in the colloquy with Tuckeris no more material than the omission of reference to the defendant's "right to participate in jury selection" or to the rule "that a jury verdict must be unanimous for a conviction." Tucker, 547 So.2d at 271.
We acknowledge that in Zeigler v. State, 647 So.2d 292 (Fla. 2d DCA 1994), and Otis v. State, 444 So.2d 1177 (Fla. 2d DCA 1984), we held that the defendant's oral waiver of the right to jury trial was invalid where the trial court conducted a colloquy substantially similar to the colloquy conducted by the trial court in the instant case. To the extent that Zeigler and Otis are inconsistent with our decision here, we recede from them.

III. Conclusion

Since no basis appears for concluding that Zinnerman's express waiver of the right to trial by jury was invalid, Zinnerman's judgments and sentences are affirmed.
Affirmed.
NORTHCUTT, C.J., and ALTENBERND, FULMER, WHATLEY, CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN, KELLY, VILLANTI, WALLACE, and LaROSE, JJ., Concur.
NOTES
[1] It is apparent the Fourth District concluded in Tucker that the trial court's advice to Tucker that in a jury trial his attorney would "`pick six people from the community to hear [his] case,'" Ringemann, 546 So.2d at 53, was not equivalent to "inform[ing] him that he ha[d] a right to participate in jury selection," Tucker, 547 So.2d at 271.