27 So.3d 793 (2010)
N.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-2630.
District Court of Appeal of Florida, First District.
February 18, 2010.
Jeffrey Lewis, Regional Conflict Counsel, Jacksonville; Laura Anstead, Assistant *794 Conflict Counsel, and Sheila Callahan, Assistant Conflict Counsel, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
N.S. appeals a final disposition order which withheld adjudication of delinquency and a restitution order requiring restitution in the amount of $5,217.49. We reverse the restitution order and remand for further proceedings.
Although the trial court advised N.S. at the disposition hearing (at which the state presented its restitution evidence) of his right to have counsel appointed, the trial court failed to obtain the necessary written waiver. See Fla. R. Juv. P. 8.165(a) ("This waiver shall be in writing."). Nor is there any indication that N.S. discussed the pros and cons of waiver with counsel. Cf. Tucker v. State, 559 So.2d 218, 220 (Fla.1990) (allowing adult to waive jury trial orally on the record after consultation with counsel despite rule requiring written waiver). Florida Rule of Juvenile Procedure 8.165(a) now provides: "Waiver of counsel can occur only after the child has had a meaningful opportunity to confer with counsel regarding the child's right to counsel, the consequences of waiving counsel, and any other factors that would assist the child in making the decision to waive counsel."
N.S.'s mother did not verify in writing that she had discussed waiving counsel with N.S. or that his decision to do so appeared to her to be knowing and voluntary. See Fla. R. Juv. P. 8.165(b)(3) ("If the child is entering a plea to or being tried on an allegation of committing a delinquent act, the written waiver shall also be submitted to the court in the presence of a parent, legal custodian, responsible adult relative, or attorney assigned by the court to assist the child, who shall verify on the written waiver that the child's decision to waive counsel has been discussed with the child and appears to be knowing and voluntary."). No other qualified adult was present or verified "on the written waiver that the child's decision to waive counsel" had been made voluntarily after discussion with a qualified adult.
Because the trial court withheld adjudication, placed the appellant on probation and subsequently entered an order terminating his supervision, reversal of the final disposition order is not warranted. See Edwards v. State, 765 So.2d 222, 222 (Fla. 2d DCA 2000) ("While appellant is correct, and we would normally remand for resentencing pursuant to Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000), this issue has been made moot by appellant's release from incarceration on March 10, 2000."). N.S. does not on appeal challenge the antecedent finding (at the adjudicatory hearing) that he committed battery.
We therefore reverse only the restitution order and remand for a new restitution hearing.
KAHN and ROBERTS, JJ., concur.