# Third District Court of Appeal

## State of Florida

Opinion filed February 14, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D16-941
Lower Tribunal No. 15-13881

————————————

**Derrick Westberry,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before LOGUE, LUCK and LINDSEY, JJ.

LUCK, J.

Derrick Westberry was convicted and sentenced at a nonjury trial for resisting an officer without violence and petit theft after stealing two eighteen-packs of beer from a convenience store. Westberry contends on appeal that the waiver of his jury trial right was not a knowing, voluntary, and intelligent one. We disagree, and affirm.

On February 8, 2016, after discussing Westberry's bond status, the trial court asked about the trial date: "Now do we have future dates? Do we need sounding and trial dates?" The assistant state attorney told the trial court: "Judge, I have a February date. This is one of the cases where both the defense and I stipulated that we can do to a bench trial." The trial date was set by the clerk, and the hearing concluded.

A month later, the case was ready for trial. Following up on the earlier request for a bench trial, the court had this colloquy with the defendant:

> [The trial court]: Counsel are we in a position to proceed on Mr. Westberry?
>
> [Defense counsel]: Yes, Judge.
>
> [The trial court]: Okay. If we are going to go bench he has to waive his right to trial by jury on the record. This is on page 28 [of the calendar.] Derrick Westberry case F15-13881. . . . Mr. Westberry you understand that you have a right under two constitutions to have a trial by a jury?
>
> [Westberry]: Yes.

2

[The trial court]: But you're going to waive that right and proceed to trial to the bench – trial to me?

[Westberry]: Yes.

[The trial court]: You have talked that over with [defense counsel]?

[Westberry]: Yes.

[The trial court]: Has he answered all your questions?

[Westberry]: Yes.

[The trial court]: Are you satisfied with his advice on this point?

[Westberry]: Yes, sir.

[The trial court]: And you believe that this is in your best interest?

[Westberry]: Yes, sir.

[The trial court]: This has to be your decision not his. Is this your decision?

[Westberry]: Yes, sir.

[The trial court]: So you're waiving trial by jury.[1]

"The Sixth Amendment to the United States Constitution provides that a defendant has a fundamental right to a jury trial. The Florida Constitution

---

[1] While Florida Rule of Criminal Procedure 3.260 provides for the jury trial waiver to be in writing, the Florida Supreme Court has approved a defendant's oral waiver so long as it is knowing, voluntary, and intelligent. See Tucker v. State, 559 So. 2d 218, 219-20 (Fla. 1990) (approving district court's opinion affirming the defendant's conviction after an oral waiver of the jury trial right because it was made knowingly and intelligently, and "[t]echnical noncompliance with a rule of procedure is permissible if there is no harm to the defendant").

3

specifies that the right of trial by jury shall be secure to all and remain inviolate. An effective waiver of a constitutional right must be knowing, voluntary, and intelligent. A defendant may waive the right to a jury trial, provided that the waiver appears on the record." State v. Upton, 658 So. 2d 86, 87 (Fla. 1995) (citations and quotations omitted). Westberry contends his colloquy with the trial court did not knowingly, voluntarily, and intelligently waive his fundamental right to a jury trial. We disagree because the colloquy in this case was comparable to, and more searching than, other jury trial waivers that the Florida Supreme Court and the district courts have approved.[2]

---

[2] The cases relied on by Westberry are inapplicable because in those cases: (1) there was no record evidence the defendant (as opposed to counsel) waived the jury trial right, Torres v. State, 43 So. 3d 831, 833 (Fla. 1st DCA 2010) ("[T]he record is devoid of any mention of the right to a jury trial."); Babb v. State, 736 So. 2d 35, 36 (Fla. 4th DCA 1999) (noting "[t]he absence from the record of a valid waiver of Babb's right to jury trial"); Sinkfield v. State, 681 So. 2d 838, 838 (Fla. 4th DCA 1996) ("[T]he appellant's remaining mute (during counsel's apparent waiver of appellant's right to jury trial) did not constitute a valid waiver of that right."); (2) the trial court did not colloquy the defendant about whether the waiver was knowing, voluntary, and intelligent, Morris v. State, 680 So. 2d 544, 545 (Fla. 1st DCA 1996) ("At a pre-trial conference, appellant's counsel orally moved for a non-jury trial. Defense counsel then asked appellant if this was his request, and appellant orally affirmed. The trial court granted the request without any further inquiry of appellant, and no written waiver of jury trial was filed."); and (3) the waiver was equivocal, Robinson v. State, 674 So. 2d 160, 160 (Fla. 3d DCA 1996) ("In this case, the record of the oral colloquy is, at best, equivocal."). Here, the defendant unequivocally waived his jury trial right, and the trial court asked questions about whether the waiver was knowing, voluntary, and intelligent. The issue here is whether the trial court's colloquy was sufficient enough to waive the fundamental right to a jury trial. We find that it was.

In <u>Tucker v. State</u>, 559 So. 2d 218 (Fla. 1990), the trial court had this colloquy with the defendant about waiving his jury trial right:

THE COURT: Mr. Tucker (a codefendant) is right here? And Mr. Ringeman[n] is right there.

Gentlemen, your counsel has explained what a non-jury trial means to you; however, I want to make sure that you fully understand that when you were arraigned in this case you entered a plea of not guilty requesting a trial before jury. That was your right at that time. You could have had a jury trial. You could have asked your attorney to come in here and pick six people from the community to hear your case which you would not have in a non-jury trial.

The state, of course, had a right to then make a formal decision if you decided you did not want a jury trial; that you were agreeable for going to a non-jury trial.

Your lawyer is correct if the state is willing to let the case be tried before me as judge without a jury being present to listen to the evidence. In that case it will be the judge who will determine any issues of fact in the case as well as any questions of law.

I want to make sure if you agree to going non-jury that you do so voluntarily and should there be a finding of guilt in this case and that either of you will not, thereafter, come in the [sic] and comment that it was done because you did not have a jury or if you had had a jury that the verdict would have been otherwise.

It is you[r] privilege, it is your choice. I will ask you, directly, Mr. Ringeman[n], do you wish to proceed to trial before a judge and without a jury? Yes or no?

MR. RINGEMAN[N]: Yes, sir.

THE COURT: To you.

MR. TUCKER: Yes, sir.

5

THE COURT: Mr. Tucker, also, the same question to you. Are you willing to proceed without a jury?

MR. TUCKER: Yes.

THE COURT: You are willing to let the judge make the decision to the questions of facts as well as the issues of law?

MR. RINGEMAN[N]: Yes.

MR. TUCKER: Yes.

THE COURT: [Assistant State Attorney], we cannot go any further than that.

[ASSISTANT STATE ATTORNEY]: That being the case, the defendants being fully advised of their rights and facts that they are codefendants on this one trial I see nothing further to admonish them on. The state will accept the defense motion to go by way of bench trial.

Ringemann v. State, 546 So. 2d 52, 53 (Fla. 4th DCA 1989) (alterations in original). Reviewing this colloquy, the Florida Supreme Court held that "Tucker validly waived his right to a jury trial," and "made a knowing and intelligent waiver." Tucker, 559 So. 2d at 220.

In Zinnerman v. State, 985 So. 2d 672 (Fla. 2d DCA 2008) (Canady, J.) (en banc), the en banc district court reviewed this colloquy for whether it was a valid waiver of the defendant's jury trial right:

At a pretrial hearing, counsel for Zinnerman stated to the court that "Mr. Zinnerman has previously indicated and I think perhaps wisely that this would not be a good situation for a jury trial." The court then stated to Zinnerman:

6

> Now your attorney is telling me that you want to have a trial before the Court which is where I would make the findings of fact as well as law instead of you having a jury that would make findings of fact and I would make findings of law. Do you . . . want a trial with the Judge only?
>
> Zinnerman responded, "right" and proceeded to express various complaints about his attorney's performance. Zinnerman's counsel commented on these matters, and the court determined that Zinnerman was not "being provided ineffective assistance of counsel." The court then stated to Zinnerman: "If you would like a bench trial we will set a bench trial." The court then reiterated that with a jury trial, "the jury would decide the facts and the [judge] would decide the law." The trial court then asked Zinnerman, "I'm deciding the facts and the law[,] correct?" Zinnerman replied, "Right, right."

Id. at 672 (alterations and omissions in original). From this colloquy, the district court concluded "that there [was] no basis for determining that Zinnerman's waiver was invalid." Id. at 674.

In Dumas v. State, 439 So. 2d 246 (Fla. 3d DCA 1983) (en banc), "[t]he question presented for review" by our en banc court was "whether record evidence showing an information stamped 'waived trial by jury with consent of state,' above which [was] the signature of the defendant, [was] sufficient, on a direct appeal from a judgment of conviction, to support a finding of an effective waiver of that constitutional right." Id. at 248. The court quoted this portion of the record as support for its conclusion:

> PROSECUTOR: This [case of Anthony Dumas] was set for a bench trial at eight o'clock. We did not try the case.

I believe we are in the process of plea negotiations at this time, and we may pass it.

Marilynn [defense counsel], is that correct?

DEFENSE COUNSEL: That is correct.

THE COURT: All right.

(Thereupon, other matters were heard, after which the following proceedings were had:)

THE COURT: Anthony Dumas.

DEFENSE COUNSEL: We are ready for trial.

Id. (alterations in original). This and the signature on the information was "[t]he entire record on the waiver question." Id. Still, the en banc court affirmed the conviction because "there [was] nothing in the record which suggest[ed] that the waiver was not voluntary and intelligent." Id. at 252-53.

Finally, in the context of waiving the state constitutional right to a six-member jury, the Florida Supreme Court reviewed this colloquy after a trial ran late and one of the jurors on the six-member panel could no longer serve. Blair v. State, 698 So. 2d 1210, 1211 (Fla. 1997).

Mr. Brown [Defense Counsel]: What if both sides agree to go with five?

The Court: That's fine with me.

Mr. Lawson [Prosecutor]: Judge, the State is willing to go along with that.

Mr. Brown: Let me tell you in thirty seconds [sic] to discuss it with my client because I don't think it would be fair.

The Court: All right. . . .
. . . .
It is my understanding that both attorneys will stipulate that we can excuse juror number six who is Thomas Murray and we will try this case with five jurors and be bound . . . .

Mr. Lawson: Judge, I will go along with that. I have only one request and that is that Mr. Murray put it on the record.

The Court: I am going to do that but first I've got to explain to Mr. Blair what we are considering.

Mr. Lawson: Okay.

The Court: And then, whatever decision they make will be binding on the Court and on the Defendant. I am going to give you as much time as you need now to discuss that possibility with your client, Mr. Brown.

Mr. Brown: I have already discussed it with him and as opposed to postponing it a week or having a possible mistrial, we would rather go with five and I quickly tried to explain [to] him the alternative.

The Court: All right. Let me have [you] explain them again. I want to make sure that this is what he wants to do.

Mr. Brown: Well, I told him there is a potential for a mistrial. There also is, as the Court has suggested, postponing it a full week until February 1st and I have to admit I didn't tune in to what other [juror's] problem is going to be, something about an owner coming to town.

The Court: Well, he didn't sound terrifically serious to me.

Mr. Brown: Well, there are other possibilities of postponing it for a full week and starting it up again February 1st or going with five jurors. I see that as the three alternatives. I'm sure my client doesn't

want a mistrial. So, that leaves us with two alternatives, either February 1st starting off again a week later or going with five jurors.

The Defendant: Your Honor, we will take the five, if that's all right with you.

The Court: All right. We will do that then.

Id. at 1211-12 (alternations and omissions in original). While acknowledging that "the colloquy may not have been a perfect example of a knowing, intelligent, and voluntary waiver of a constitutional right," the Court concluded "that Blair's personal on-the-record waiver, after consultation with counsel, provided a sufficient procedural safeguard to affirmatively show that Blair understood his rights and the options available to him." Id. at 1218. The Court "re-emphasized that in whatever context the issue of waiver arises, the goal of waiver remains constant: to ensure that any waiver of a substantial right be done knowingly, intelligently, and voluntarily and that a record be made to demonstrate this fact." Id.

We find the record of Westberry's oral waiver to be knowing, voluntary, and intelligent, and consistent with the ones approved in Tucker and Zinnerman. The trial court, as in Tucker and Zinnerman, before accepting the waiver made sure Westberry knew about his jury trial rights under the United States and Florida Constitutions by verifying the defendant understood those rights (he said he did). See Tucker, 559 So. 2d at 220 ("If the defendant has been advised by counsel

about the advantages and disadvantages of a jury trial, then the colloquy will serve to verify the defendant's understanding of the waiver."). The trial court, as in Tucker and Zinnerman, before accepting the waiver made sure Westberry's decision was an intelligent one by asking if he talked it over with his attorney (he had), his attorney answered all his questions (he did), and Westberry was satisfied with his attorney's advice on waiving the jury trial right (he was). The trial court, as in Tucker and Zinnerman, before accepting the waiver made sure Westberry's waiver was voluntary by asking if the waiver was in his best interest (it was), and was a decision that he alone made (it was). Westberry had a month between when the issue was first raised, and the date of the trial, to discuss waiving his jury trial right with his attorney, get all his questions answered, and satisfy himself that the decision was in his best interests, which he did.

The colloquy with Westberry was more searching than the ones approved in Dumas and Blair. The trial court, unlike in those cases, before accepting the waiver made sure Westberry understood the right he was waiving. The trial court, unlike in those cases, before accepting the waiver made sure Westberry had time to talk with his attorney about waiving this fundamental constitutional right, had all his questions answered, and was satisfied with his attorney's advice on the issue. The trial court, unlike in those cases, before accepting the waiver made sure Westberry was making the decision on his own and because it was in his best

11

interest.  The trial court did more than engage Westberry in the single-sentence exchanges that were found to be sufficient waivers in <u>Dumas</u> and <u>Blair</u>.  <u>Blair</u>, 698 So. 2d at 1212 ("Your Honor, we will take the five, if that's all right with you."); <u>Dumas</u>, 439 So. 2d at 248 (the information was stamped "'waived trial by jury with consent of state,' above which [was] the signature of the defendant").

Still, even though we find the colloquy sufficient to show that Westberry knowingly, voluntarily, and intelligently waived his right to a jury trial, we emphasize, as the Florida Supreme Court did in <u>Tucker</u>,

> it is better practice for trial courts to use both a personal on-the-record waiver and a written waiver. An appropriate oral colloquy will focus a defendant's attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver.  If the defendant has been advised by counsel about the advantages and disadvantages of a jury trial, then the colloquy will serve to verify the defendant's understanding of the waiver.  Executing a written waiver following the colloquy reinforces the finality of the waiver and provides evidence that a valid waiver occurred.

<u>Tucker</u>, 559 So. 2d at 220.  Although perfection is not required, we agree with the Court that this procedure "better promotes the policy of recognizing only voluntary and intelligent waivers." <u>Id.</u>

Affirmed.