FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-2507
_____

GURLEEN KAUR SAINI,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the County Court for Alachua County.
Walter M. Green, Judge.

April 9, 2025

NORDBY, J.

Gurleen Kaur Saini appeals her conviction of petit theft. Saini argues that because she was tried by bench trial and the record lacks an oral or written waiver of a jury trial, she is entitled to reversal and a new trial. We disagree and affirm.

I.

For stealing a license plate decal, Saini was arrested and charged with petit theft less than $100. During a trial status conference, defense counsel represented to the court that Saini would agree to a bench trial rather than a jury trial. The State, defense counsel, and the trial court discussed proceeding with a bench trial and agreed that a bench trial would be acceptable.

Defense counsel then conducted an exchange with Saini, on the record, about proceeding with a bench trial and waiving her right to a jury trial. After being sworn in, Saini confirmed she discussed the option of a bench trial with counsel and was amenable to a bench trial. Saini acknowledged that she understood the judge would be the finder of fact and law at a bench trial and there would not be a jury. Defense counsel stated that he had discussed potential benefits of a bench trial with Saini. Finally, Saini confirmed that she felt that her decision to waive her right to a jury trial was informed. The case proceeded to a bench trial and the court found Saini guilty as charged. Saini was sentenced to six months of supervised probation, twenty-five community service hours, and court costs. This timely appeal follows.

## II.

A defendant's waiver of her constitutional right to a jury trial must be "voluntary, knowing, and intelligent." *Tucker v. State*, 559 So. 2d 218, 219 (Fla. 1990) (citing *Brady v. United States*, 397 U.S. 742 (1970)) *approved sub nom. Johnson v. State*, 994 So. 2d 960 (Fla. 2008). "Although a defendant's oral waiver may suffice, it must follow a colloquy in which the court establishes that the waiver is knowingly and intelligently made." *Sansom v. State*, 642 So. 2d 631, 632 (Fla. 1st DCA 1994). "An appropriate oral colloquy will focus a defendant's attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver." *Tucker*, 559 So. 2d at 220.

Because Saini failed to raise the adequacy of her waiver below, we review for fundamental error. Fundamental error involves an error that corrupts the validity of a trial such that a guilty verdict could not have occurred without the error. *Lukehart v. State*, 70 So. 3d 503, 523 (Fla. 2011).

Essentially, Saini argues that fundamental error occurred because her counsel, rather than the trial court, conducted her on-the-record inquiry for waiver of a jury trial. We find this argument unavailing.

Saini's inquiry on the record satisfies the requirements of *Tucker*. 559 So. 2d at 219–20. Defense counsel explained the likely consequences of waiving a jury trial—the trial judge would serve as finder of fact and law. Saini acknowledged that her counsel had discussed that there could be benefits to a bench trial, and she acknowledged that her decision was informed. These facts do not demonstrate fundamental error, to say the least. The record reflects that Saini knew what she was doing and now requests to be relieved from her "voluntary, knowing, and intelligent" decision. *Id.* at 219. An inquiry by counsel in the trial court's presence showing that Saini understood her rights and the consequences of waiving those rights fails to establish fundamental error.

AFFIRMED.

ROWE and WINOKUR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Miranda Lee Butson, Assistant Attorney General, Tallahassee, for Appellee.