PER CURIAM.
While appellant raises three issues on appeal, only the third issue has merit. The record contains no evidence that appellant intelligently and knowingly waived his right to a jury trial. There is no written waiver signed by appellant nor is there any indication that the judge asked appellant if he wished to waive his right to a jury trial. The only mention of a jury trial is contained in defense counsel’s statement: “I would like to try this thing nonjury.” This is not a sufficient waiver.
Under Otis v. State, 444 So.2d 1177 (Fla. 2d DCA 1984) and Cirio v. State, 440 So.2d 650 (Fla. 2d DCA 1983), we reverse and remand since there is no indication that appellant knowingly waived his right to a jury trial. See Fla.R.Crim.P. 3.260.
SCHEB, A.C.J., and CAMPBELL and THREADGILL, JJ., concur.