642 So.2d 631 (1994)
John SANSOM, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3726.
District Court of Appeal of Florida, First District.
September 14, 1994.
Nancy A. Daniels, Public Defender, Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The appellant was convicted of grand theft following a bench trial. On appeal, he asserts error in the trial court's failure to obtain a proper waiver of his right to trial by jury, and in the trial court's denial of his motion for judgment of acquittal. A new trial is necessitated by the absence of a valid waiver, and we reverse on this basis only.
Prior to trial, defense counsel announced an agreement whereby the appellant would be tried without a jury with the understanding that (1) the charge would be dismissed if witnesses did not appear, and (2) no jail time would be imposed in the event of conviction. The record reflects that the appellant was not questioned concerning this arrangement, and he did not state his consent thereto either orally or in writing.
*632 At trial, the appellant voiced no objection concerning the absence of a jury. However, a defendant's silence in court does not constitute a valid waiver of the right to a jury trial, even where such silence follows defense counsel's oral waiver on behalf of the defendant. See Williams v. State, 521 So.2d 268 (Fla. 2d DCA 1988); Cirio v. State, 440 So.2d 650 (Fla. 2d DCA 1983); Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978).
In Florida, the applicable rule provides for a defendant's written waiver of a jury trial. See Fla.R.Crim.P. 3.260. Although a defendant's oral waiver may suffice, it must follow a colloquy in which the court establishes that the waiver is knowingly and intelligently made. See Tucker v. State, 559 So.2d 218 (Fla. 1990). Because no such waiver was obtained, we must reverse the conviction and remand the case for a new trial. Of course, on remand, the appellant does not retain the guarantees concerning sentencing and dismissal that he obtained in his previous negotiations.
BARFIELD, MINER and MICKLE, JJ., concur.