ALLEN, Judge.
The appellant challenges his convictions and sentences following a non-jury trial. Because the record does not demonstrate that the appellant made a knowing, voluntary, and intelligent waiver of his right to trial by jury, we reverse.
The record reveals that the appellant was tried without a jury pursuant to a written waiver signed only by his attorney and the prosecutor. A defendant’s knowing, voluntary, and intelligent waiver of jury trial must appear in the record. Tucker v. State, 559 So.2d 218 (Fla.1990); Hurd v. State, 440 So.2d 691, 693 (Fla. 1st DCA 1983). In this case, there is no indication that the appellant made a knowing, voluntary and intelligent waiver of his right to a jury trial. No inquiry was made of him as to whether he concurred in his attorney’s waiver or whether he understood what was meant by waiver of a jury trial. See id.; Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla.1978). We therefore reverse the appellant’s convictions and sentences and remand for further proceedings. However, we certify to the supreme court the following question of great public importance:
Does a lawyer’s written waiver of jury trial on behalf of his client validly waive the defendant’s right to a jury trial where there is no indication in the record that the defendant agreed to the written waiver or otherwise made a knowing, voluntary and *182 intelligent waiver of his right to trial by jury?
REVERSED AND REMANDED.
WEBSTER, J., concurs.
LAWRENCE, J., concurs and dissents with written Opinion.