PER CURIAM.
In the instant case appellant argues that the trial court erred reversibly by failing to conduct a colloquy regarding his waiver of jury trial, in denying his motion for discharge under the speedy trial rule, and in denying his motion to suppress. We affirm on the latter two issues without further discussion. Because we agree that the trial court erred in failing to inquire into the voluntary and intelligent nature of appellant’s jury trial waiver, however, we reverse.
At a pre-trial conference, appellant’s counsel orally moved for a non-jury trial. Defense counsel then asked appellant if this was his request, and appellant orally affirmed. The trial court granted the request without any further inquiry of appellant, and no written waiver of jury trial was filed.
It is well-settled that the right to trial by juiy is a fundamental constitutional right, the waiver of which must be voluntary, knowing, and intelligent. Tucker v. State, 559 So.2d 218, 219 (Fla.1990). Although Florida Rule of Criminal Procedure 3.260 requires the waiver of jury trial to be in writing, which is the better practice, a valid waiver may be made orally. Id. at 220. The trial court, however, must conduct a colloquy that “will focus a defendant’s attention on the value of a jury trial and ... make a defendant aware of the likely consequences of the waiver.” Id. See also State v. Upton, 658 So.2d 86, 87 (Fla.1995); Sansom v. State, 642 So.2d 631, 631-632 (Fla. 1st DCA1994).
In the instant case, the waiver of jury trial was made orally by appellant’s counsel in appellant’s presence, and appellant orally affirmed. The court, however, did not make the requisite inquiry into the knowing, intelligent, and voluntary nature of the waiver. Accordingly, the cause is reversed and remanded.
MINER, WEBSTER and MICKLE, JJ., concur.