681 So.2d 838 (1996)
Alex SINKFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3354.
District Court of Appeal of Florida, Fourth District.
October 16, 1996.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
Appellant, charged with a third degree felony, filed a demand for jury trial. After his counsel orally waived jury trial, appellant was tried non-jury and convicted. We reverse the judgment and remand for a new trial because the record contains neither a written waiver nor a valid oral waiver of appellant's demand for trial by jury.
A defendant charged with a criminal offense may in writing waive a jury trial with the consent of the state (Fla.R.Crim.P. 3.260), or orally on the record after colloquy from which the court finds the waiver is voluntarily, knowingly and intelligently made. Tucker v. State, 559 So.2d 218 (Fla. 1990). The issue here is whether there was a valid oral waiver, no contention being made that appellant signed a written waiver.
On August 8, 1995, appellant and a co-defendant, one Bennett, appeared before Judge Lupo to discuss a plea and at that time the trial was set for August 9th. On the latter date appellant and Bennett, with their respective counsel, appeared before Judge Carlisle for a non-jury trial. Before commencement of the trial the following colloquy occurred between the court and Mr. Chaney, counsel for Bennett:
MR CHANEY: Judge, while he's doing that, we need to go on the record about our clients agreeing to go non-jury, just to make sure it's on the record.
THE COURT: Okay, well, it was, this morning sosay it again.
MR. CHANEY: Well, I don't think Mr. Mr. Bennett was notyou know.

*839 Mr. Bennett, did you agree and consent to have this case tried by the Judge and not a jury.
[MR BENNETT]: Yes
Mr. Chaney then outlined to his client, Bennett, the consequences of waiving trial by jury and again obtained his consent to proceed with a nonjury trial. At that point the following colloquy occurred between the court and appellant's counsel, Mr. Fleischman:
THE COURT: Your guy the same way, Jack?
MR. FLEISCHMAN: Yes. We've been through this yesterday [with] Judge Lupo.
THE COURT: Oh, you did? Okay.
Notwithstanding the court's comment (that earlier that morning appellant and Bennett had agreed on the record "to go non-jury"), there is no record of such having occurred. True, counsel's representations to the court (which implied that Judge Lupo had made the requisite inquiry and findings the preceding day) may have led the trial court to conclude that further inquiry and findings were unnecessary. The fact is, however, that the reporter's transcript of the hearing before Judge Lupo contains no discussion of appellant waiving his right to a trial by jury.
Counsel's statement to the court that appellant "agreed to go non-jury" was not a valid oral waiver of appellant's right to jury trial in the absence of the court's requisite inquiry of the appellant and its findings on the record that appellant voluntarily, knowingly and intelligently agreed with the waiver or acquiesced in his counsel's statement. State v. Upton, 658 So.2d 86 (Fla.1995); see also Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977) cert. denied, 366 So.2d 885 (Fla. 1978). Furthermore, the appellant's remaining mute (during his counsel's apparent waiver of appellant's right to jury trial) did not constitute a valid waiver of that right. See Sansom v. State, 642 So.2d 631 (Fla. 1st DCA 1994), and cases cited therein. The error that occurred here, which requires that the judgment be reversed and the sentence vacated, is of the type that can be avoided in the future by a closer adherence to the teachings of the supreme court in Tucker and Upton.
Appellant has also asserted that the court erred in denying his motion for judgment of acquittal and in the assessment of certain costs. As to the former, there is no error. As to the latter, certain of the costs were improperly assessed but the issue is moot in view of reversal of the judgment and vacation of the sentence.
REVERSED.
FARMER and STEVENSON, JJ., concur.