■ WEBSTER, J.
Appellant seeks review of an order denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. He contends that the trial court erroneously denied claims (1) that the trial court failed to conduct an adequate inquiry before accepting a waiver of his right to a jury trial; (2) that trial counsel was ineffective in failing adequately to advise him regarding waiver of his right to a jury trial; (3) that trial counsel was ineffective in preventing him from testifying in his own behalf; and (4) that he received illegal sentences.
We affirm as to the two claims related to waiver of a jury trial. The claim that the trial court failed to conduct an adequate inquiry should have been raised on direct appeal. See, e.g., Upton v. State, 644 So.2d 181 (Fla. 1st DCA 1994) (reversing a conviction on direct appeal because the trial court failed to conduct an adequate inquiry before accepting the defendant’s waiver of his right to a jury trial), aff'd, 658 So.2d 86 (Fla.1995). The claim that trial counsel was ineffective in failing adequately to advise appellant regarding waiver of his right to a jury trial is legally insufficient because it does not include allegations of fact which, if true, would establish a reasonable probability that the outcome of appellant’s trial would have been different but for the alleged ineffectiveness of counsel. See, e.g., Ragsdale v. State, 720 So.2d 203 (Fla.1998); State v. Stirrup, 469 So.2d 845 (Fla. 3d DCA 1985).
The remaining two claims are, however, legally sufficient, and are not refuted by the order or attachments to it. Accordingly, we are constrained to reverse as to those claims, and to remand them for further proceedings.
Appellant alleged that his trial counsel refused to permit him to testify, notwithstanding his insistence that he be permitted to present his version of the relevant events. Appellant also outlined what his testimony would have been, and how he was prejudiced by not being permitted to present it. Those allegations were legally sufficient. Oisorio v. State, 676 So.2d 1363 (Fla.1996).
Appellant also alleged that his sentences exceeded the statutory maximum for the third-degree felonies of which he was convicted. This allegation was, like *1159 wise, legally sufficient under either rule 3.850 or rule 3.800(a). See, e.g., Davis v. State, 661 So.2d 1193 (Fla.1995) (a sentence which exceeds the maximum established by law for an offense is “illegal”).
In summary,. we affirm as to the two claims related to waiver of a jury trial. We reverse as to the claim that trial counsel was ineffective in preventing appellant from testifying and the claim that the sentences imposed were illegal. As- to the latter two claims, we remand for further proceedings. If the trial court concludes that the record conclusively establishes that appellant is entitled to no relief because of those 'Claims, it shall attach to its order denying relief the portions of the record that support its decision. Otherwise, it shall hold a hearing.
AFFIRMED IN PART;' REVERSED IN PART; and REMANDED, with directions.
ERVIN and WOLF, JJ.,' CONCUR.