CORTINAS, Judge.
The defendant, Joshua Wooten, appeals his conviction after trial for selling and possessing cocaine. The issue raised on appeal is whether the trial court committed fundamental error in allowing testimony, which was not objected to by the defendant’s counsel, concerning three uncharged drug transactions that Wooten was involved in. We affirm.
The facts are largely undisputed. On March 3, 2003, a Miami-Dade detective was conducting a surveillance of an apartment complex where he observed a series of narcotics transactions. The detective observed buyers go into the apartment complex and would provide a description of the buyers and their vehicles to a team of police officers located several blocks away. Wooten was involved in four transactions, *592 one prior to the charged conduct and two subsequent.
During the charged transaction, Wooten was approached by a co-defendant, from whom he accepted money. Wooten then walked up to another individual and came back with a couple of baggies of powder cocaine, which he delivered to the co-defendant. Based on the detective’s description of the co-defendant and his vehicle, the individual was arrested and a subsequent search revealed two baggies of cocaine and a small amount of marijuana. At trial, the chemist testified that the substance in the two baggies was cocaine.
Without objection from the defense, the State then introduced evidence that Wooten sold cocaine to other unidentified buyers. Subsequent to these sales, the detective provided a description of Wooten, who was arrested. All of the drug transactions occurred during a surveillance that lasted approximately forty-five minutes.
On appeal, Wooten argues that his conviction must be reversed due to the trial court’s admission of the three uncharged crimes. However, it is well-settled that, in order to raise a claim of error on appeal, the alleged error must be objected to at trial when it occurs. F.B. v. State, 852 So.2d 226, 229 (Fla.2003). The purpose of requiring a contemporaneous objection is to put the trial judge on notice of a possible error, to afford an opportunity to correct the error early in the proceedings, and to prevent a litigant from not challenging an error so that he or she may later use it as a tactical advantage. Crumbley v. State, 876 So.2d 599 (Fla. 5th DCA 2004); Finche v. Peeples, 476 So.2d 1319, 1322 (Fla. 4th DCA 1985). The only recognized exception to the contemporaneous objection requirement is in the event of fundamental error. State v. Delva, 575 So.2d 643, 644-45 (Fla.1991).
 Fundamental error is error that “goes to the foundation of the case or the merits of the cause of action and is equivalent to the denial of due process.” J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998). The fundamental error exception is very limited and “should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling case for its application.” Ray v. State, 403 So.2d 956, 960 (Fla.1981).
Defendant does not cite to any case which supports his position. Indeed, we have previously recognized that we are unaware of any reported case in Florida where the fundamental error exception has ever been invoked to cure an unpreserved evidentiary error at trial. State v. Osvath, 661 So.2d 1252 (Fla. 3d DCA 1995). We do not find that the testimony concerning defendant’s uncharged crimes was error that went to the foundation of the case or that it was so prejudicial as to vitiate the entire trial.
Affirmed.