PER CURIAM.
We treat this case as a petition for writ of certiorari seeking review of an order from the circuit court denying a petition for writ of habeas corpus.
In 2004, the Florida Parole Commission issued an order revoking petitioner’s conditional release. Petitioner did not receive a final hearing because an attorney, who represented him on a misdemeanor traffic charge and at the initial interview before the Parole Commission, faxed a letter to the Parole Commission stating that petitioner waives a hearing regarding the violation. Petitioner maintains that he did not waive his right to a hearing or authorize anyone to waive the right on his behalf.
Section 947.141(3), Florida Statutes (2004), provides that if a releasee is charged with violating conditional release, *742 the releasee must be afforded a hearing within 45 days after notice to the Parole Commission of the releasee’s arrest. Florida Administrative Code Rule 23-23.011(4)(c) states that a conditional release violation hearing “may be waived by the conditional releasee after an explanation of the consequences of a waiver. The waiver shall be in writing and shall be executed before a Commissioner or duly authorized representative of the Commission.”
In State v. Upton, 658 So.2d 86 (Fla.1995), the supreme court held that a lawyer’s written waiver is insufficient to waive a defendant’s right to a jury trial. The court was concerned that the waiver of such an important right be knowing and voluntary. See id. at 87-88. Rule 23-23.011(4)(e) embodies similar concerns about the waiver of a conditional release violation hearing; the rule requires that the consequences of the waiver be explained to the releasee. The purpose of the requirement that the waiver occur before a commissioner or representative is to ensure that the waiver is knowing and voluntary. We therefore read the administrative rule to require the releasee’s signature on a waiver; the attorney’s signature alone is insufficient.
We grant the writ, quash the order of the circuit court, and remand to the Parole Commission to conduct a final hearing on violation of conditional release. .
WARNER, FARMER and GROSS, JJ., concur.