NORTHCUTT, Chief Judge.
 

 The trial court held a bench trial on Ronnie Smith’s criminal charge without obtaining an effective waiver of Smith’s right to a jury trial. Therefore, we must reverse Smith’s conviction and remand for a new trial.
 

 Smith was charged with violating section 812.155(3), Florida Statutes (2005), for failing to return a cement mixer he leased from Taylor Rental in September 2005. At a pretrial conference, Smith’s attorney announced that the defense was stipulating to a bench trial in exchange for the prosecutor’s agreement not to seek jail time if Smith lost at trial. Smith was present, but the judge did not address him regarding his decision to waive his right to a jury
 
 *704
 
 trial, and there was no mention of Smith’s signing a written waiver.
 

 At the nonjury trial three days later, Taylor Rental’s representative testified to facts establishing a prima facie violation of the statute. Smith testified that he had been hospitalized when the mixer was being used at a jobsite, and he said that he only later learned from an employee that the mixer had not been returned to Taylor Rental but rather had been stolen from the jobsite.
 

 Smith argues on appeal that the court erred in conducting a bench trial without a proper waiver of his right to a jury trial. A valid waiver of a criminal defendant’s right to a jury trial requires either a written waiver signed by the defendant or the defendant’s oral waiver after a proper colloquy with the trial judge.
 
 Johnson v. State,
 
 994 So.2d 960, 963 (Fla.2008).
 

 The trial judge must ensure that the defendant has validly waived the right to a jury trial before a bench trial may occur. Further, because a defendant’s silence clearly does not constitute a valid waiver, it logically follows that defendants are not required to break their silence (through either a request for a jury trial or an objection to the bench trial) to preserve appellate review of this claim.
 

 Id.
 
 (citation omitted).
 

 “Without a proper colloquy, a defendant’s stipulation does not function as a valid waiver of the right to a jury trial; such a waiver must be made knowingly and intelligently.”
 
 Johnson,
 
 994 So.2d at 964;
 
 see also Zinnerman v. State,
 
 985 So.2d 672, 674 (Fla. 2d DCA 2008) (en banc) (affirming defendant’s waiver of jury trial, which occurred after trial court “advised the defendant of the fundamental difference between a jury trial and a non-jury trial”). The record in this case does not contain a written or oral waiver by Smith. Accordingly, we must reverse and remand for a new trial.
 

 We decline Smith’s invitation to reverse the denial of his motion for judgment of acquittal. But for purposes of retrial, we note that Smith is charged with a violation of the 2005 version of section 812.155(3), which states in pertinent part:
 

 FAILURE TO REDELIVER HIRED OR LEASED PERSONAL PROPERTY.—Whoever, after hiring or leasing any personal property or equipment under an agreement to redeliver the same to the person letting such personal property or equipment or his or her agent at the termination of the period for which it was let, shall, without the consent of such person or persons
 
 and with the intent to defraud,
 
 abandon or willfully refuse to redeliver such personal property or equipment as agreed, shall, upon conviction, be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083, unless the value of the personal property or equipment is of a value of $300 or more; in that event the violation constitutes a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 § 812.155(3) (emphasis supplied). The “intent to defraud” language was deleted in 2006. Ch. 2006-51, § 3 at 746, Laws of Fla. Thus, contrary to the trial court’s conclusion below, the State was required to prove Smith’s intent to defraud in order to convict him of the crime charged.
 

 The 2005 statute also provided the State with a permissive inference of fraudulent intent for a violation of section 812.155(3): “failure to redeliver the property or equipment within 5 days after receipt of, or within 5 days after return receipt from, the certified mailing of the
 
 *705
 
 demand for return is prima facie evidence of fraudulent intent.” § 812.155(4)(b);
 
 see also State v. Rygwelski,
 
 899 So.2d 498, 501 (Fla. 2d DCA 2005) (holding that statute created permissive inference rather than mandatory presumption). Contrary to the trial court’s conclusion below, this permissive inference “allows, but does not require,” the fact-finder to infer fraudulent intent from the failure to return property after the mailing of a certified letter demanding return. 899 So.2d at 501.
 

 Reversed and remanded for a new trial.
 

 FULMER and KHOUZAM, JJ„ Concur.