SAWAYA, J.
 

 The defendant, Wayne Racine, was convicted after a bench trial of the crimes of battery of a person sixty-five years old or older and battery. His attorney apparently filed a written motion waiving a jury trial, and the trial court entered an order granting that motion. Racine complains, and properly so, that he did not waive his right to a jury trial and seeks reversal of his convictions and a new trial.
 

 The Florida Constitution guarantees to each citizen that the “[t]he right of trial by jury shall be secure to all and remain inviolate.” Art. I, § 22, Fla. Const.;
 
 see also
 
 Art. I, § 16, Fla. Const. (providing that the accused shall “have a speedy and public trial by impartial jury”). “[A] defendant’s right to a jury trial is indisputably one of the most basic rights guaranteed by our constitution.... ”
 
 State v. Griffith,
 
 561 So.2d 528, 530 (Fla.1990).
 
 [1]
 
 This guarantee is also contained in the United States Constitution.
 
 [2]
 

 The error committed by the trial court is that it conducted a bench trial without obtaining a proper waiver from Racine of his right to trial by jury. For a waiver of the right to jury trial to be valid, a waiver form must be signed by the defendant or the defendant must orally waive that right after a proper colloquy with the trial court.
 
 Johnson v. State,
 
 994 So.2d 960 (Fla.2008);
 
 Smith v. State,
 
 9 So.3d 702, 704 (Fla. 2d DCA 2009) (“A valid waiver of a criminal defendant’s right to a jury trial requires either a written waiver signed by the defendant or the defendant’s oral waiver after a proper colloquy with the trial judge.”).
 

 The record before us contains neither a written waiver form nor a transcript showing that Racine orally waived his right to a jury trial before the trial court. The motion signed by Racine’s attorney does not constitute a proper and valid waiver by
 
 *957
 
 Racine.
 
 See State v. Upton,
 
 658 So.2d 86 (Fla.1995). We note, parenthetically, that the State concedes the error. Accordingly, we reverse Racine’s convictions and sentences.
 

 REVERSED and REMANDED.
 

 PALMER and EVANDER, JJ., concur.
 

 [1]
 

 . In
 
 Johnson v. State,
 
 994 So.2d 960 (Fla.2008), the court recently explained that
 

 criminal defendants have a right to a jury trial for serious crimes — i.e., those that "have a maximum penalty of more than six months' imprisonment or more than a $500 fine” — but not petty offenses — i.e., those that "have a maximum penalty of six months’ or less imprisonment or a $500 or less fine.”
 
 Reed v. State,
 
 470 So.2d 1382, 1383 (Fla.1985);
 
 see also Whirley v. State,
 
 450 So.2d 836, 839 (Fla. 1984) ("[T]he federal petty crime exception to the jury trial requirement in criminal prosecutions is also an exception under our own constitutional provision.”) (citing
 
 Aaron v. State,
 
 345 So.2d 641 (Fla.1977);
 
 Aaron v. State,
 
 284 So.2d 673 (Fla.1973)).
 

 Id.
 
 at 962-63. Clearly, Racine had a right to a trial by jury for both crimes he was charged with.
 

 [2]
 

 . U.S. Const. art. Ill, § 2, cl. 3 ("The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.”); U.S. Const., amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein tire crime shall have been committed, which district shall have been previously ascertained by law....”)