BENTON, J.
 

 On direct appeal of convictions and concurrent sentences — five years in prison for failing to report a change in address in violation of section 943.0435(9), Florida Statutes (2007), and eleven months 29 days in jail for giving a false name to a law enforcement officer in violation of section 901.36(1), Florida Statutes (2007) — Fredis Espinal Torres maintains the trial court erred in convicting him after a bench trial, in the absence of a valid waiver of his right to trial by jury. We reverse and remand for a new trial.
 

 The Florida Constitution provides that the “right of trial by jury shall be secure to all and remain inviolate.” Art. I, § 22, Fla. Const. The Florida Constitution also gives the accused in a criminal case the right to “a speedy and public trial by impartial jury.” Art. I, § 16, Fla. Const. The Sixth Amendment to the United States Constitution, likewise applicable in state criminal trials by virtue of the Fourteenth Amendment, also guarantees the accused’s right to trial by jury.
 
 See Duncan v. Louisiana,
 
 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). To be sure, as with other constitutional rights, as long as certain requirements are met, the right to trial by jury can be waived.
 
 See generally Johnson v. Zerbst,
 
 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). “An effective waiver of a constitutional right must be knowing, voluntary, and intelligent. A defendant may waive
 
 *833
 
 the right to a jury trial, provided that the waiver appears on the record.”
 
 State v. Upton,
 
 658 So.2d 86, 87 (Fla.1995) (citation omitted).
 

 But the requirements for waiver were not met here. The criminal rule concerning waiver of trial by jury provides: “A defendant may in writing waive a jury trial with the consent of the state.” Fla. R.Crim. P. 3.260. Our supreme court has ruled nevertheless that no writing is necessary,
 
 see, e.g., Morris v. State,
 
 680 So.2d 544, 545 (Fla. 1st DCA 1996) (“a valid waiver may be made orally”), saying however:
 

 [I]t is better practice for trial courts to use both a personal on-the-record waiver and a written waiver. An appropriate oral colloquy will focus a defendant’s attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver. If the defendant has been advised by counsel about the advantages and disadvantages of a jury trial, then the colloquy will serve to verify the defendant’s understanding of the waiver. Executing a written waiver following the colloquy reinforces the finality of the waiver and provides evidence that a valid waiver occurred. Because the waiver of a fundamental right must be knowing and intelligent, the above-stated practice better promotes the policy of recognizing only voluntary and intelligent waivers.
 

 Tucker v. State,
 
 559 So.2d 218, 220 (Fla.1990). The record in the present case contains neither a written waiver nor an oral waiver in open court. “For a waiver of the right to jury trial to be valid, a waiver form must be signed by the defendant or the defendant must orally waive that right after a proper colloquy with the trial court.”
 
 Racine v. State,
 
 16 So.3d 955, 956 (Fla. 5th DCA 2009).
 

 At the bench trial, the record is devoid of any mention of waiver of the right to a jury trial. The cases are clear that mere failure to object to a bench trial does not constitute a valid waiver of the right to trial by jury, even where the defendant remains silent following counsel’s oral waiver purportedly on behalf of the defendant.
 
 See Sansom v. State,
 
 642 So.2d 631, 632 (Fla. 1st DCA 1994).
 
 See also Zerbst,
 
 304 U.S. at 464, 58 S.Ct. 1019 (“It has been pointed out that ‘courts indulge every reasonable presumption against waiver’ of fundamental constitutional rights and that we ‘do not presume acquiescence in the loss of fundamental rights.’ ” (citations omitted)). Waiver will not be presumed from a record silent on the subject.
 
 *
 

 A valid oral waiver requires adequate inquiry of the accused on the record. An appropriate inquiry “will focus a defendant’s attention on the value of a jury trial and should make a defendant aware of the likely consequence of the waiver.”
 
 Blair v. State, 698
 
 So.2d 1210, 1214 (Fla.1997) (citing
 
 Tucker,
 
 559 So.2d at 220). The inquiry must also demonstrate that the waiver is free and knowing, voluntary and intelligent. When trial counsel in
 
 Morris v. State,
 
 680 So.2d 544 (Fla. 1st DCA
 
 *834
 
 1996), moved
 
 ore terms
 
 for a non-jury trial, the defendant indicated on the record that he agreed with the request, and the trial court granted the request for a bench trial. On appeal from the ensuing conviction, we reversed because the trial court “did not make the requisite inquiry into the knowing, intelligent, and voluntary nature of the waiver.” 680 So.2d at 545 (“In the instant case, the waiver of jury trial was made orally by appellant’s counsel in appellant’s presence, and appellant orally affirmed. The court, however, did not make the requisite inquiry into the knowing, intelligent, and voluntary nature of the waiver. Accordingly, the cause is reversed and remanded.”). In the present case, too, we reverse and remand for a new trial. The error has not been shown to be harmless, and the State has not argued otherwise.
 
 See generally Johnson v. State,
 
 994 So.2d 960, 965 (Fla.2008).
 

 Reversed and remanded.
 

 THOMAS and ROWE, JJ., concur.
 

 *
 

 After the initial brief was filed, appellee's amended motion to relinquish jurisdiction was granted (over appellant's objection) and trial counsel prepared a stipulation of fact, which included the following: “On November 8, 2007, Mr. Murphy, with his client Mr. Torres and an interpreter, and with the State present, advised the court of Mr. Torres' decision to exercise his right to trial in the form of a Judge trial and it was set for November 13, 2007." Without revisiting the propriety of overruling appellant's objection to this procedure, we observe that the stipulation says nothing about the colloquy in open court, if any.
 
 See,
 
 e.g.,
 
 Morris v. State,
 
 680 So.2d 544, 545 (Fla. 1st DCA 1996).