HARRIS, C.M., Senior Judge.
It was reported to police that someone had hit a bicyclist and drove around the injured bicyclist, laughing. Appellant was soon located in a grocery store parking lot, but when the police arrived, she fled into oncoming traffic. She continued to drive and act erratically until her car became disabled and then she attempted to escape on foot. She was caught and charged with several serious offenses. Appellant was diagnosed with delusional disorder perse-cutory type. This is background.
The only issue before us is whether Appellant properly waived her right to trial by jury. The State contends the record clearly shows that appellant knew of her attorney’s request for a non-jury trial. She signed two acknowledgments relating to notice of continuance of her non-jury trial. Further, she responded in the affirmative that she understood what was going on when her attorney asked for a non-jury trial.
The trouble is that having knowledge that your attorney asked for a non-jury trial is not the same as “knowingly, voluntarily and intelligently” waiving your rights to a jury trial. There is nothing in the record to show that Appellant could insist on a jury trial when her attorney wanted a non-jury trial. She signed no waiver and the judge did not explain the benefits of a jury trial to her or the consequence of waiving it. She is entitled to a new trial. See Babb v. State, 736 So.2d 35 (Fla. 4th DCA1999).
REVERSED and REMANDED.
ORFINGER and WALLIS, JJ., concur.