DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GERALD WALKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-3239

[October 22, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 501996CF004502AXXMB.

Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

CONFESSION OF ERROR

CIKLIN, J.

The appellant, Gerald Walker, appeals his judgment and sentence, entered after the trial court held a non-jury trial without obtaining a waiver of jury trial from Walker. We accept the state's confession of error and reverse and remand for new trial.

Walker was indicted for first-degree murder with a firearm. While trial was pending, he was found incompetent to stand trial and, in 1997, was committed to the Department of Health and Rehabilitative Services. More than a decade later, Walker was then adjudged competent to stand trial.

During a status hearing after Walker was found competent to proceed, the parties discussed the possibility of a non-jury trial. At a subsequent status hearing, both the prosecutor and defense counsel agreed the case

should be set for non-jury trial, and the trial court did so.

The state's evidence at trial established that Walker fatally shot another man in the back of the head after the men argued about a drug transaction. During a police interview, Walker confessed to shooting the victim. Walker relied upon an insanity defense and expert witnesses presented by the state and defense differed on whether Walker met the legal definition of insanity. At the close of evidence, the court rejected Walker's insanity defense and found him guilty as charged. The court sentenced him to life in prison.

On appeal, Walker argues that his conviction and sentence for first-degree murder amounted to per se reversible error in the absence of a written consent or evidence of an on the record oral waiver showing that it was voluntarily, knowingly, and intelligently made.

The United States and Florida Constitutions provide defendants with a fundamental right to a jury trial. *State v. Upton*, 658 So. 2d 86, 87 (Fla. 1995) (citing U.S. Const. amend. VI; Article I, § 22, Fla. Const.). However, "[a] defendant charged with a criminal offense may in writing waive a jury trial with the consent of the state (Fla. R. Crim. P. 3.260), or orally on the record after colloquy from which the court finds the waiver is voluntarily, knowingly and intelligently made." *Sinkfield v. State*, 681 So. 2d 838, 838 (Fla. 4th DCA 1996) (citation omitted). A defendant's silence during trial and failure to object to the non-jury trial is not a waiver of his right to jury trial. *Upton*, 658 So. 2d at 88. Further, "[c]ounsel's statement to the court that [defendant] 'agreed to go non-jury' [is] not a valid oral waiver of [a defendant's] right to jury trial in the absence of the court's requisite inquiry of the [defendant] and its findings on the record that [the defendant] voluntarily, knowingly and intelligently agreed with the waiver or acquiesced in his counsel's statement." *Sinkfield*, 681 So. 2d at 839 (citations omitted).

Here, our review of the record, trial transcript, and pre-trial hearing transcripts confirms that a valid waiver—written or oral—was never consummated.

Florida courts have treated this type of error as per se reversible error. *See, e.g., Racine v. State*, 16 So. 3d 955, 956-57 (Fla. 5th DCA 2009) (reversing battery convictions where state conceded error and record did not contain a written waiver or evidence of a valid oral waiver of jury trial); *Babb v. State*, 736 So. 2d 35, 36 (Fla. 4th DCA 1999) ("The absence from the record of a valid waiver of Babb's right to jury trial . . . requires that we reverse the judgment and sentence . . . and remand for a new

2

trial."); *Sansom v. State*, 642 So. 2d 631, 632 (Fla. 1st DCA 1994) (finding that conviction for grand theft "must" be reversed where the record contained no valid waiver).[1]  Accordingly, we reverse and remand for new trial.

*Reversed and remanded for new trial.*

DAMOORGIAN, C.J., and FORST, J., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Some limited authority exists for the proposition that this type of error is subject to harmless error analysis.  In *Torres v. State*, 43 So. 3d 831, 834 (Fla. 1st DCA 2010), the court reversed a conviction for providing a false name to an officer where there was no valid waiver of jury trial in the record.  The court noted that "[t]he error has not been shown to be harmless, and the State has not argued otherwise." *Id.*  However, *Torres* relied on *Johnson v. State*, 994 So. 2d 960, 964-65 (Fla. 2008), where the court noted that the failure to obtain a valid waiver of jury trial in the second phase of a bifurcated felony DUI trial was subject to harmless error analysis.  It is not evident the Florida Supreme Court in *Johnson* intended harmless error analysis to apply to a review of the jury trial guarantee in any context other than cases where the jury was not allowed to consider a particular element of an offense.  In finding that harmless error analysis applied, the *Johnson* court referenced cases involving the denial of a jury finding on a particular element of the charged offense, including the required prior misdemeanors in a felony DUI case and the materiality element in a tax fraud case.  *Id.*  The instant case involves the denial of a jury trial as to all elements of the charged offense without a valid waiver.