DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KWUAN MONTRELL BAKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2642

[April 24, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 2020CF002332 A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Kwuan Montrell Baker appeals his convictions and sentences for one count of high speed or wanton fleeing or eluding and one count of felony driving with a suspended license following a non-jury trial. Finding merit in Defendant's argument that the trial court fundamentally erred by failing to obtain a valid waiver of jury trial from Defendant, we reverse.

On the day of trial, defense counsel advised the court that Defendant wanted to proceed with a non-jury trial. Defense counsel then asked Defendant if it was his decision and desire to proceed with a non-jury trial, and Defendant orally affirmed. Neither defense counsel nor the trial court conducted any further inquiry of Defendant, and no written waiver of jury trial was filed.

"The United States and Florida Constitutions provide defendants with a fundamental right to a jury trial." *Walker v. State*, 149 So. 3d 170, 171 (Fla. 4th DCA 2014). Nonetheless, "[a] defendant charged with a criminal offense may in writing waive a jury trial with the consent of the state (Fla. R. Crim. P. 3.260), or orally on the record after colloquy from which

the court finds the waiver is voluntarily, knowingly and intelligently made." *Id.* (alteration in original) (quoting *Sinkfield v. State*, 681 So. 2d 838, 838 (Fla. 4th DCA 1996)). The failure to obtain a valid waiver of a defendant's right to jury trial is not only per se reversible error, but also constitutes fundamental error. *See id.* ("Florida courts have treated [the failure to obtain a valid waiver of a defendant's right to jury trial] as per se reversible error."); *Dumas v. State*, 439 So. 2d 246, 252 n.8 (Fla. 3d DCA 1983) ("Because the right of an accused to trial by jury is fundamental, *Floyd v. State*, 90 So. 2d 105, 106 (Fla. 1956), an infringement of that right constitutes fundamental error.").

To obtain a valid oral waiver of a defendant's right to jury trial, the trial court "must conduct a colloquy that 'will focus a defendant's attention on the value of a jury trial and . . . make a defendant aware of the likely consequences of the waiver.'" *Morris v. State*, 680 So. 2d 544, 545 (Fla. 1st DCA 1996) (quoting *Tucker v. State*, 559 So. 2d 218, 220 (Fla. 1990)). Importantly, defense counsel's statement to the court that the defendant has agreed to a non-jury trial is not a valid oral waiver in the absence of the court's requisite inquiry of the defendant and on the record findings that the waiver was voluntary, knowing, and intelligent. *See Walker*, 149 So. 3d at 171 (defense counsel's statement to the court that "both the prosecutor and defense counsel agreed the case should be set for non-jury trial" did not constitute a valid oral waiver); *Sinkfield*, 681 So. 2d at 839 (defense counsel's statement to the court that the defendant "agreed to go non-jury" was not a valid oral waiver). This is true even if the statement is made in the defendant's presence and with the defendant's oral confirmation. *See Morris*, 680 So. 2d at 545.

*Morris* is particularly instructive. In that case, defense counsel orally moved for a non-jury trial during a pretrial conference. 680 So. 2d at 545. "Defense counsel then asked appellant if this was his request, and appellant orally affirmed." *Id.* The trial court thereafter granted the request for a non-jury trial without any further inquiry of the defendant. *Id.* In reversing the case for a new trial, the appellate court held that although "the waiver of jury trial was made orally by appellant's counsel in appellant's presence, and appellant orally affirmed," the trial court "did not make the requisite inquiry into the knowing, intelligent, and voluntary nature of the waiver." *Id.*

Here, similar to *Morris*, defense counsel merely asked Defendant to orally confirm on the record that it was his decision and desire to proceed with a non-jury trial. The trial court, however, failed to make any inquiry, let alone the requisite inquiry into the knowing, intelligent, and voluntary nature of the waiver. The trial court's failure to obtain a valid waiver—

2

written or oral—constitutes fundamental error.  *See Dumas*, 439 So. 2d at 252 n.8.  Accordingly, the cause is reversed and remanded for a new trial.

*Reversed and remanded for new trial.*

GROSS and GERBER, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***