# Third District Court of Appeal

## State of Florida

Opinion filed February 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0376
Lower Tribunal No. B24-13904
_____

**Caleb Jean-Charles,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Marcus Bach Armas, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Lourdes B. Fernandez, Assistant Attorney General, for appellee.

Before SCALES, C.J., LINDSEY, and BOKOR, JJ.

LINDSEY, J.

Caleb Jean-Charles appeals a final order withholding adjudication after a finding of guilt for resisting an officer without violence, a first-degree misdemeanor, punishable by up to one year in prison.[1]  See § 843.02, Fla. Stat. (2024).  Jean-Charles argues the trial court committed fundamental error by failing to obtain a written waiver or conduct a proper oral colloquy showing he knowingly, intelligently, and voluntarily waived his right to a jury trial.  We agree.  As such, we are compelled to reverse.

## BACKGROUND

In May 2024, Jean-Charles was arrested after allegedly failing to comply with officers' demands that he provide them with his driver's license and registration.  Two weeks later, the State filed an information charging Jean-Charles with violating section 843.02 for resisting an officer without violence to his or her person, a first-degree misdemeanor punishable up to one year in jail.  Jean-Charles filed a Written Plea of Not Guilty, Notice of Discovery, and Demand for Jury Trial.

In January 2025, the parties appeared for trial.  The State notified the trial court that it was "not seeking jail in this case" and offered a plea.  The full exchange between the court and Jean-Charles is as follows:

---

[1] We have jurisdiction over this case under Florida Rule of Appellate Procedure 9.140(b)(1)(B).

THE COURT: Come forward. Madam Clerk, pass him the file. It's on the left side, yes. All right Mr. Jean Charles. Raise your right hand to be sworn.

THE CLERK: Do you swear to tell the truth, the whole truth and nothing but the truth? If so, say I do.

MR. JEAN CHARLES: I do.

THE COURT: All right, Mr. Jean Charles. You've spoken to your attorney about this case?

MR. JEAN CHARLES: That's correct.

THE COURT: All right. And you're satisfied with the representation she's provided?

MR. JEAN CHARLES: Yes, Sir.

THE COURT: Okay. And you understand that the current offer from the State is for you to plead no contest, pay your court costs, no time in jail, no time on probation. You understand that?

MR. JEAN CHARLES: Yes, sir. I understand.

THE COURT: Perfect. And you choose to reject that offer and proceed to a bench trial tomorrow?

MR. JEAN CHARLES: That's correct.

THE COURT: Thank you very much, Mr. Jean Charles. You are to be here tomorrow at 8:45 a.m. and we will proceed to trial.

Neither party objected to the court's decision to proceed with a bench trial. The trial court found Jean-Charles guilty and entered a withhold of adjudication and ordered him to pay court costs. Jean-Charles, through

3

counsel, then renewed his demand for jury trial. The trial court responded the demand was "[d]uly noted. Case closed."

This timely appeal follows.

## STANDARD OF REVIEW

Because no objection was made when the alleged constitutional injury occurred, we review for fundamental error. See Wooten v. State, 904 So. 2d 590, 592 (Fla. 3d DCA 2005) ("[I]t is well-settled that, to raise a claim of error on appeal, the alleged error must be objected to at trial when it occurs. . . . The only recognized exception to the contemporaneous objection requirement is in the event of fundamental error."). Fundamental error "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." McDonald v. State, 743 So. 2d 501, 505 (Fla. 1999). It "goes to the foundation of the case or the merits of the cause of action and is equivalent to the denial of due process." J.B. v. State, 705 So. 2d 1376, 1378 (Fla. 1998).

An infringement on the right to a jury trial constitutes per se reversible error, or fundamental error. See Dumas v. State, 439 So. 2d 246, 252 n.8 (Fla. 3d DCA 1983) ("Because the right of an accused to trial by jury is fundamental, Floyd v. State, 90 So. 2d 105, 106 (Fla. 1956), an infringement of that right constitutes fundamental error."); Walker v. State, 149 So. 3d 170,

4

171 (Fla. 4th DCA 2014) ("Florida courts have treated [the failure to obtain a valid waiver of a defendant's right to jury trial] as per se reversible error."); Baker v. State, 386 So. 3d 141, 142 (Fla. 4th DCA 2024) ("The failure to obtain a valid waiver of a defendant's right to jury trial is not only per se reversible error, but also constitutes fundamental error."). So finding an invalid waiver of the right to jury trial warrants reversal without a more searching review as to whether that invalid waiver would have changed the outcome of the case. See Dumas, 439 So. 2d at 252 n.8.

## ANALYSIS

Both the United States Constitution and the Florida Constitution guarantee the right to trial by jury. See Blair v. State, 698 So. 2d 1210, 1212–13 (Fla. 1997). The United States Constitution includes three separate provisions addressing that right: Article III,[2] the Sixth Amendment,[3] and the

---

[2] "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed." U.S. Const. art. III, § 2, cl. 3.

[3] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law . . . ." U.S. Const., amend. VI.

Seventh Amendment.[4]  Id.

The Sixth Amendment of the United States Constitution, applicable in state criminal trials through the Fourteenth Amendment, guarantees the accused's right to trial by jury.  See U.S. Const. amend. VI; Duncan v. Louisiana, 391 U.S. 145, 149 (1968).  Similarly, Section 16 of the Florida Constitution provides for a right to trial by jury.[5]

But this right is not inviolable.  Under Florida Rule of Criminal Procedure 3.260, "[a] defendant may in writing waive a jury trial with the consent of the state."  In Tucker v. State, 559 So. 2d 218, 218 (Fla. 1990), the Florida Supreme Court emphasized the importance of acquiring a sufficient oral waiver of a defendant's right to a jury trial in the absence of a written waiver as authorized by Rule 3.260.  Tucker challenged the sufficiency of an oral waiver because Rule 3.260 provides that "[a] defendant may in writing waive a jury trial with the consent of the state."  Id.  The Court

---

[4] "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const., amend. VII.

[5] "In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation, and shall be furnished a copy of the charges, and shall have the right to have compulsory process for witnesses, to confront at trial adverse witnesses, to be heard in person, by counsel or both, and to have a speedy and public trial by impartial jury in the county where the crime was committed."  Art. I, § 16, Fla. Const.

6

answered the certified question, "[c]an a defendant, represented by counsel, orally waive a jury trial, if a full explanation of the consequences is given by the trial judge" in the affirmative. Id. at 219. In doing so, the Court held that Tucker had knowingly, intelligently, and voluntarily waived his right to a jury trial because the defendant "was represented by counsel, and the record shows that the trial judge appropriately questioned Tucker in open court about his choice to proceed without a jury." Id. at 220.

In declining to give Tucker relief, our high court explained that to acquire an oral waiver, the trial court must conduct an oral colloquy, on-the-record, which sufficiently demonstrates that the defendant can appreciate his right to a jury trial and, in doing so, may then proceed with waiving that right:

> Although we approve the district court's decision and decline to grant Tucker relief, we emphasize that it is better practice for trial courts to use both a personal on-the-record waiver and a written waiver. An appropriate oral colloquy will focus a defendant's attention on the value of a jury trial and should make a defendant aware of the likely consequences of the waiver. . . . Executing a written waiver following the colloquy reinforces the finality of the waiver and provides evidence that a valid waiver occurred. Because the waiver of a fundamental right must be knowing and intelligent, the above-stated practice better promotes the policy of recognizing only voluntary and intelligent waivers.

Id.

Thereafter, our courts have allowed defendants to waive this right "orally on the record after colloquy from which the court finds the waiver is voluntarily, knowingly and intelligently made." Sinkfield v. State, 681 So. 2d 838, 838 (Fla. 4th DCA 1996) (citing Tucker, 559 So. 2d at 218); State v. Upton, 658 So. 2d 86, 87 (Fla. 1995). "District courts have properly reversed convictions when the record contained no written waiver of a jury trial and the trial court failed to inquire into the defendant's waiver of jury trial or conducted an insufficient inquiry." Tucker, 559 So. 2d at 220.

Unlike Tucker and its progeny, nothing here shows that there was an "appropriate oral colloquy" which focused Jean-Charles's "attention on the value of a jury trial." Cf. id. The colloquy between Jean-Charles and the trial court, as set forth in its entirety above, was insufficient to waive the constitutional right to trial by jury. Without any pointed inquiry on whether Jean-Charles could appreciate the value of a jury trial, along with the implications of waiving the right to a jury trial, Jean-Charles's mere silence or failure to object to a bench trial does not amount to a valid waiver. See Upton, 658 So. 2d at 87. Nor does the fact that his counsel conceded she generally spoke to Jean-Charles—off-the-record—about jury trials and bench trials show there was a valid waiver. See id.; see also Sansom v. State, 642 So. 2d 631, 632 (Fla. 1st DCA 1994) ("[A] defendant's silence in court does not constitute a valid waiver of the right to a jury trial, even where

8

such silence follows defense counsel's oral waiver on behalf of the defendant.").

Finally, it appears the trial court mistakenly believed that because the State certified it was not seeking jail or probation in the event of a conviction, it did not have to afford Jean-Charles a jury trial. Section 918.0157, Florida Statutes (2025), provides that a defendant is entitled to a jury trial "except as to any such prosecution for a violation punishable for a term of imprisonment of 6 months or less" and the court announces that conviction will not result in imprisonment or an adjudication of guilt.

Resisting an officer without violence is a first-degree misdemeanor punishable by a term of imprisonment not to exceed one year. See § 843.02, Fla. Stat.; § 775.082(4)(a), Fla. Stat. (2024). Thus, in the absence of a written waiver of the right to a jury trial or a full explanation of the consequences given by the trial judge, the trial court's decision to proceed to a bench trial, even after the State certified it was not seeking jail or probation in the event Jean-Charles was convicted, was in error. This is so because the crime charged here is punishable by a term of up to one year, not six months or less. See § 918.0157, Fla. Stat.; cf. Barrett v. State, 421 So. 3d 523, 523 n.1 (Fla. 3d DCA 2025) (affirming the trial court's withhold of adjudication and an order or probation rendered after defendant was found guilty of driving with a suspended license, a second-degree misdemeanor

9

punishable by a term of not exceeding 60 days, where the trial court dispensed with the defendant's right to a jury trial without obtaining a waiver).

## CONCLUSION

The trial court failed to obtain a written waiver of the right to a trial by jury. In the absence thereof, even though Jean-Charles was represented by counsel, the trial court was still required to conduct a sufficient oral colloquy on the record with him. It did not. And, because Jean-Charles was charged in this case with a crime punishable by a term of up to one year, we are constrained to reverse and remand for a new trial.

Reversed and remanded.