# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0999
Lower Tribunal No. B25-2781
_____

**Patrick McKinnon,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Marcus Bach Armas, Judge.

Carlos J. Martinez, Public Defender, and Amy Lynn Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Lourdes B. Fernandez, Assistant Attorney General, for appellee.

Before EMAS, LOBREE and BOKOR, JJ.

BOKOR, J.

Patrick McKinnon appeals his conviction for resisting an officer without violence in violation of section 843.02, Florida Statutes. McKinnon raises two issues on appeal. First, the State failed to file a valid charging document and therefore the trial court lacked jurisdiction. Second, the trial court erred in denying McKinnon his right to a trial by jury on a first-degree misdemeanor punishable by imprisonment of up to one year.

The State concedes error on the first issue, the lack of a valid charging document. The State initially took the position on the second issue that there was conflicting law on the issue of a right to a jury trial under the circumstances, but it didn't matter because the first issue was dispositive. Then, after the reply brief, the State amended the confession of error to confess error on the jury trial issue, too. But a few days later, the State withdrew the amendment to the confession of error, confessing error only on the first issue of the lack of a valid charging document. The State was right the second time. After a full review of the record, we conclude that either basis supports reversal.

As to the failure to file a valid charging document, we note that the record contains no indictment, information, or notice to appear. See L.L.H. v. State, 873 So. 2d 1252, 1254 (Fla. 5th DCA 2004) ("[S]ubject matter jurisdiction is determined by the charge made in an indictment or

2

information. . . . A judgment of conviction prior to presentment of a charging document is void because the court lacks subject matter jurisdiction."); State v. Vazquez, 450 So. 2d 203, 204 (Fla. 1984) ("[J]urisdiction in criminal cases is determined by the charge made in the indictment or information."); see also Hampton v. State, 103 So. 3d 98, 110–11 (Fla. 2012) (explaining that prosecution starts with the filing of an indictment, information, or, in the case of misdemeanors, prosecution may also commence by notice to appear issued pursuant to rule); Fla. R. Crim. P. 3.125 (providing for a notice to appear); Fla. R. Crim. P. 3.140(a)(2) (establishing that "prosecutions for misdemeanors, municipal ordinances, and county ordinances may be by notice to appear issued and served pursuant to rule 3.125").

We next address the trial court's conducting a bench trial despite the defendant's jury trial demand. This court recently explained the right to trial by jury guaranteed by the United States and Florida Constitutions, and outlined the relevant contours of such right. See Jean-Charles v. State, 3D25-0376, 2026 WL 290596, at *2 (Fla. 3d DCA Feb. 4, 2026). Based on that explanation, the court reversed a conviction after a bench trial where the defendant was charged and convicted of a crime "punishable by [incarceration for] a term of up to one year, not six months or less" and the trial court failed to colloquy the defendant on an oral jury trial waiver. Id. at

3

*3. There, the defendant there orally waived his right to a jury trial, but the record showed no appropriate colloquy or inquiry into the defendant's oral waiver to ensure that such waiver was "'voluntarily, knowingly and intelligently made.'" Id. (quoting Sinkfield v. State, 681 So. 2d 838, 838 (Fla. 4th DCA 1996)).

In withdrawing the amended confession of error pertaining to the jury trial demand, the State argued that Jean-Charles isn't on point because here, we have an express jury trial demand and a crime punishable by up to a year in jail, as opposed to an oral waiver and no colloquy. But the State provides no meaningful legal or factual distinction to justify a different outcome. This is so because the facts present here—an express jury trial demand and a contemporaneous objection to a bench trial—present a clearer violation of the right to a trial by jury. Unsurprisingly then, we hold that the logic and constitutional reasoning of Jean-Charles apply: it is fundamental error for the trial court to conduct a bench trial instead of a jury trial where: (1) there is an express jury demand; and (2) the crime being tried is punishable by incarceration for up to a year, not six months or less. See id. at *3 (holding that absent a written waiver or proper colloquy on an oral waiver, "the trial court's decision to proceed to a bench trial, even after the State certified it was not seeking jail or probation" constituted fundamental error where "the

4

crime charged here is punishable by a term of up to one year, not six months or less"); see also Baker v. State, 386 So. 3d 141, 142 (Fla. 4th DCA 2024) ("The failure to obtain a valid waiver of a defendant's right to jury trial is not only per se reversible error, but also constitutes fundamental error.").

Reversed and remanded.

LOBREE, J., concurs,

EMAS, J., concurs in results only.